**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

John R. Beardmore, Kathrine A. Beardmore and Terry Hedstrom,

Plaintiffs,

v.

American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC,

Defendants/Third Party Plaintiffs,

v.

Superior Financial Holding Corporation, Briggs & Morgan, P.A., Tantalon Group, Inc., Thomas P. Kell, Todd R. Haugan and Richard Lefcowitz,

Third-Party Defendants.

Court File No.: 01-CV-948 DWF/SRN

**MEMORANDUM OF LAW IN SUPPORT OF WITHDRAWAL OF APPEARANCE WITHOUT SUBSTITUTION**

---

**INTRODUCTION**

Briggs and Morgan, P.A. (Briggs) submits this memorandum in support of its motion for leave to withdraw as counsel for Plaintiffs John R. Beardmore and Katherine A. Beardmore (collectively, Beardmore) and Plaintiff Terry Hedstrom (Hedstrom), without substitution. Withdrawal should be permitted with regard to Beardmore because Beardmore has failed to fulfill an obligation to his lawyers regarding their services by failing to pay several hundred thousand dollars in outstanding fees to Briggs and he has made continued representation unreasonably difficult by failing to return calls and respond to letters. In fact, Briggs recently represented Beardmore through Beardmore's entire Eighth Circuit appeal from this Court's

judgment in the above matter, even though Beardmore stopped paying months before the appeal was taken. There is little, if any, hope for Briggs to ever recover the fees already incurred by Beardmore or those which would be incurred in the future because Beardmore appears to be judgment proof. Beardmore also agreed in his representation contract with Briggs that Briggs has the right to withdraw in the event of nonpayment.

In regard to Hedstrom, Briggs should be allowed to withdraw on two bases. First, Hedstrom, like Beardmore, has failed to pay Briggs' fees, and payment of these fees are years overdue. Second, Hedstrom has made continued representation unreasonably difficult by failing to correspond with Briggs or fulfill his obligations as a Plaintiff in the above-stated matter. Hedstrom has failed to keep Briggs reasonably informed of his whereabouts and Briggs has been unable to communicate with Hedstrom.

Finally, withdrawal should be permitted because Briggs has given notice of its intent to withdraw and has given its clients ample time to find alternative counsel. Briggs' withdrawal should be allowed because this withdrawal will not prejudice the other litigants, will not interfere with the administration of justice and will not delay the resolution of the case. In fact, all counsel of record have consented to Briggs' withdrawl.

## FACTS

Plaintiffs filed this action on May 30, 2001 against Defendants American Summit Financial Holdings, LLC (American Summit), and Duckson, Carlson, Bassinger & Mitchell, LLC (DC), alleging violation of federal securities laws and violation Plaintiffs' debtors' rights. Plaintiffs also sought declaratory relief regarding the disposition of several hundred thousand shares of Superior Financial stock.

Specifically, this case involved four items of collateral which secured a $1,825,000 promissory note (Note), which is governed by Texas law. Beardmore was the debtor under the Note. The original holder of the Note was Founders Equity Group, Inc. (Founders), a Texas company. This Note was subsequently assigned to American Summit. The collateral securing this Note consisted of Beardmore's (1) 1,500,000 shares of stock in Innovative Financial Systems, Inc. (IFS), (2) 1,500,000 shares of stock in Superior, (3) Minnesota residence, and (4) Arizona residence. Beardmore's Superior shares represented a controlling, voting interest in a bank holding company for a federally regulated bank — *i.e.*, the Lake Bank, N.A. Hence, American Summit was not legally authorized to hold the Note, as it did not have the appropriate federal approval.

This lawsuit arose after American Summit initiated an unreasonable public sale of Beardmore's collateral — namely, the sale of Beardmore's IFS share before his Superior shares. Notwithstanding the fact that this triggered the application of Texas' Absolute Bar Rule (which would generally discharge Beardmore's obligations under the Note), Beardmore tendered the remaining amounts due under the Note. American Summit, however, refused to accept Beardmore's tender and contended that it was entitled to ownership of the Superior shares. Beardmore sued to protect his debtors' rights and to obtain a declaration that he is not liable to American Summit under the Note.

Plaintiffs sought to retain Briggs as their counsel in connection with this lawsuit. Briggs agreed to serve as Plaintiffs' counsel, but Briggs insisted upon, among other things, the following term prior to representation:

> Termination. You, your wife, BII and the Affiliates each have the right to terminate our services at any time. However, this action will not relieve either you, your wife, BII or the Affiliates of responsibility for legal fees or disbursements which have already accrued. We will have the same right and may

> discontinue legal services if you, your wife, BII or the Affiliates fail to pay our billing statements promptly, if you, your wife, BII or the Affiliates misrepresent or fail to disclose any material facts in the course of our representation or if anything else occurs that in our judgment impairs an effective attorney/client relationship.

Perry Aff. Ex. 1 (emphasis added). Hence, Plaintiffs agreed that Briggs would have the right to withdraw as counsel if, among other things, Plaintiffs failed to pay Briggs' invoices.

Beardmore's failure to pay Briggs' invoices began in June of 2001. At this point, Beardmore owed Briggs approximately $13,456.78. Perry Aff. ¶ 3. Additional amounts continued to accrue through Defendants' motion for summary judgment. *Id.* Still further amounts accrued, and remained unpaid, through Briggs' completion of Plaintiffs' motion for summary judgment. *Id.* After considering Plaintiffs' motion, the district court in the above matter entered partial judgment in Plaintiffs' favor and entered a stipulated judgment on other issues to facilitate an appeal. By this time Beardmore owed Briggs more than $150,000, and those amounts remained unpaid. Perry Aff. ¶ 3.

Briggs did not, however, withdraw at that time. Instead, Briggs continued to represent Plaintiffs throughout the Eighth Circuit appeal, including briefing, oral argument and a petition for rehearing. The Eighth Circuit appeal disposed of the issues Briggs argued — namely, the disposition of Beardmore's collateral, application of the Texas Absolute Bar Rule and Beardmore's debt under the Note. The Eighth Circuit determined that Beardmore's remaining debt and collateral had not been discharged under the absolute bar rule because American Summit retained the Superior shares in full satisfaction of Beardmore's debt — that is, by § 9-505 constructive strict foreclosure. Hence, the debtor-creditor issues on which Briggs has represented Beardmore have now been disposed of.

Since the time the Eighth Circuit appeal was determined, Beardmore has informed Briggs that he is unable to pay Briggs' outstanding bills and is unable to pay for continued legal

representation in this matter. Perry Aff. ¶ 4. Indeed, Beardmore appears to be judgment-proof, and Briggs does not believe there is any chance of recovery from Beardmore for services rendered, which exceed $265,833.70. *Id.*

Hedstrom has for several months lacked participation in the litigation process. Hedstrom has discontinued communicating with Briggs and failed to update Briggs as to where Briggs can contact Hedstrom. Perry Aff. ¶ 5; Tchida Aff ¶ 2. Although Briggs obtained a purported phone number for Hedstrom and left a phone message, Hedstrom has not, to date, returned Briggs' call. Tchida Aff. ¶ 2. Hedstrom has also failed to pay Briggs' outstanding invoices. Perry Aff. ¶ 5.

This is the proper time for Briggs' withdrawal. Briggs continued to represent Beardmore at the Eighth Circuit on appeal and argued the issues with which it was familiar. Those issues have now been disposed of and new issues – with which Briggs is not familiar – must be resolved in this action. Virtually no discovery has occurred and it is unclear how the issues will focus on Beardmore and Hedstrom, if at all. There is, therefore, no prejudice to any other party or to the Court in allowing Briggs to withdraw. All counsel of record have consented to Briggs' withdrawal. Tchida Aff. ¶¶ 5, 6, 7. And, none of the Plaintiffs have objected to Briggs' withdrawal. Perry Aff. ¶ 7; Tchida Aff. ¶¶ 2, 3, 4.[1] Briggs, therefore, seeks leave to withdraw from further representation of Beardmore and Hedstrom in this matter.

[1] Nor could they because Beardmore's engagement letter with Briggs states: "[y]ou and your wife agree that you will not object to Briggs and Morgan's withdrawal from representation of your litigation in the event that you do not comply with this condition of representation." Perry Aff. Ex. 1.

**ARGUMENT**

"When withdrawal is sought by a retained attorney in a civil case, it generally should be allowed." *Kingdom v. Jackson*, 896 P.2d 101, 104 (Wash. Ct. App. 1995) (emphasis added). Under the Local Rules of the United States District Court for the District of Minnesota, "[a]n attorney whose appearance is noted in a cause on file . . . may withdraw from representation as counsel of record [without substitution] only by order of Court." LR 83.7. Such withdrawal may be granted by motion, for good cause shown. LR 83.7(c). "Notice of motion shall be provided to the client, and the motion shall be scheduled in accordance with LR 7.1." *Id.*

Withdrawal of representation is also governed by the Rules of Professional Conduct. Those rules provide in pertinent part:

> (b) [A] lawyer may withdraw from representing a client if: * * *
>
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligations is fulfilled;
>
> (4) the representation has been rendered unreasonably difficult by the client; or
>
> (5) other good cause for withdrawal exists.

Rule 1.16 of the Rules of Professional Conduct (emphasis added). Consideration of these factors is relevant to determining whether "good cause" exists for withdrawal. *In re Daniels*, No. 04-04-00172, 2004 WL 782614 at *1-2 (Tex. Ct. App. 2004) (Tchida Aff. Ex. 1). Ultimately, "[t]he decision to allow counsel to withdraw is left to the discretion of the district court." *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994).

Neither this Court nor the Eighth Circuit have established specific guidelines to evaluate a motion for withdrawal. Other federal courts, however, have addressed this issue. *See, e.g., United States ex rel. Cherry Hill Convalescent Center v. Healthcare Rehab Sys., Inc.*, 994 F.

Supp. 244, 252-53 (D.N.J. 1997) (stating criteria to consider in withdrawal requests). The following factors have been found important to the decision to allow counsel to withdraw representation:

(1) the reason withdrawal is sought;

(2) the prejudice withdrawal may cause to other litigants;

(3) the harm the withdrawal may cause to the administration of justice; and

(4) the degree to which withdrawal may delay the resolution of the case.

*Id.* Under this approach, the court considers whether an appropriate reason for withdrawal exists and whether other parties or the Court would be prejudiced by the withdrawal.

Here, Briggs has demonstrated that withdrawal should be allowed. First, as in *Kingdom*, this is a civil matter whereby Briggs was retained on an hourly, not contingency, basis. The presumption is, therefore, that withdrawal is proper. *See Kingdom*, 896 P.2d at 104.

Moreover, Briggs seeks withdrawal from representing Beardmore and Hedstrom due to unpaid attorneys' fees, and in fact the retainer agreement between Briggs and these Plaintiffs expressly allows withdrawal under these circumstances. Perry Aff. Ex. 1. Numerous courts have found that a client's failure to pay attorneys' fees justifies withdrawal. *Lamb v. Groce*, 382 S.E.2d 234, 236 (N.C. Ct. App. 1989) (clients' failure to pay or secure payment of proper fees upon reasonable demand is justifiable cause for an attorneys' withdrawal); *accord Lieberman v. Polytop Corp.*, Nos. 00-1766, 00-1827, 2001 WL 196759 at *2 (1st Cir. Feb. 21, 2001) (granting withdrawal) (Tchida Aff. Ex. 2); *Cherry Hill*, 994 F. Supp. at 253 (granting withdrawal); *Portsmouth Redevelopment and Housing Auth. v. BMI Apartments Assoc.*, 851 F. Supp. 775, 786 (E.D. Va. 1994) (granting withdrawal) *In re Daniels*, 2004 WL 782614 at *3 (issuing writ of

mandamus to compel grant of withdrawal); *Reed Yates Farms, Inc. v. Yates*, 526 N.E.2d 1115, 1121 (Ill. Ct. App. 1988) (granting withdrawal).

Indeed, under Rule 1.16 of the Rules of Professional Conduct, withdrawal is proper if "the client fails substantially to fulfill <u>an obligation to the lawyer regarding the lawyer's services</u> and has been given reasonable warning that the lawyer will withdraw unless the obligations is fulfilled." (Emphasis added). There is no question that Plaintiffs have failed to fulfill their obligation to Briggs to pay for services rendered. In addition, Plaintiffs have failed to adequately communicate with Briggs, and they are, therefore, making continued representation unreasonably difficult. Briggs, accordingly, has satisfied the first *Cherry Hill* factor – a proper reason for withdrawal.

Briggs also satisfies the other three prongs with ease — namely, (1) the prejudice withdrawal may cause to other litigants; (2) the harm the withdrawal may cause to the administration of justice; and (3) the degree to which withdrawal may delay the resolution of the case. All three of these factors must be resolved in Briggs' favor due to the procedural posture of this case.

First, Briggs waited to withdraw until the issues it was familiar with were resolved on appeal. The appeal has now been completed and those issues have been resolved. Little discovery has taken place on the new issues that must now be resolved. This is not, therefore, a case where counsel is seeking to withdraw on the eve of trial. Rather, Briggs seeks withdrawal at the beginning of a fresh phase in the case, and there will be no harm or delay to the other parties or the Court in allowing Briggs' withdrawal. All counsel of record have consented to Briggs' withdrawal. Tchida Aff. ¶¶ 5, 6, 7.

## CONCLUSION

All of the above-noted facts show that Plaintiffs have failed to fulfill their obligations to Briggs and have otherwise made continued representation unreasonably difficult. Briggs has provided this Court with good cause to allow withdrawal and has also demonstrated that the withdrawal would neither cause unreasonable delay, prejudice any other litigant, nor harm the administration of justice. Briggs, therefore, respectfully requests that this Court grant its motion to withdraw from representation of Beardmore and Hedstrom.

DATED: August 19, 2004

**BRIGGS AND MORGAN, P.A.**

By s/ Bryant D. Tchida
Scott G. Knudson (#141987)
Jack Y. Perry (#209272)
Bryant D. Tchida (#314298)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 977-8400

**ATTORNEYS FOR JOHN R. BEARDMORE, KATHRINE A. BEARDMORE AND TERRY HEDSTROM**

1653891v3