# EXHIBIT 1

**C**

Court of Appeals of Texas,
San Antonio.

In re Timothy J. DANIELS and Daniels & Daniels.

**No. 04-04-00172-CV.**

April 14, 2004.

**Background:** Attorney petitioned for writ of mandamus after the 73rd Judicial District Court, Bexar County, Andy Mireles, J., denied his motion to withdraw in divorce action.

**Holding:** The Court of Appeals, Sandee Bryan Marion, J., held that attorney had good cause for withdrawal.

Conditionally granted.

West Headnotes

**[1] Mandamus 🔑12**
250k12 Most Cited Cases

A writ of mandamus may be issued to correct a clear abuse of discretion.

**[2] Mandamus 🔑4(1)**
250k4(1) Most Cited Cases

Issuance of a writ of mandamus is limited to only those instances in which an adequate remedy by appeal is not available.

**[3] Mandamus 🔑29**
250k29 Most Cited Cases

Withdrawal of counsel is a proper subject of a mandamus proceeding.

**[4] Attorney and Client 🔑76(1)**
45k76(1) Most Cited Cases

Attorney established good cause justifying his withdrawal from divorce action, where client and client's mother failed to substantially fulfill their obligations under the engagement agreement, including their obligation to pay attorney's fees, continued representation would result in an unreasonable financial burden on attorney and his office, and actions of client and client's mother, including restrictions on work he could perform for client and client's failure to read attorney's letters, had rendered continued representation difficult. State Bar Rules, V.T.C.A., Government Code Title 2, Subtitle G App. A, Art. 10, § 9, Rules of Prof.Conduct, Rule 1.15(b)(5-7).

***32** Original Mandamus Proceeding. [FN1]

> FN1. This proceeding arises out of Cause No. 2002-CI-16967, styled *In the Matter of the Marriage of Keith Edward Cummings and Kelvia Michelle Cummings and In the Interest of Dagen Keith William Cummings, Minor Child,* filed in the 45th Judicial District Court, Bexar County, Texas. However, the Honorable Andy Mireles, presiding judge of the 73rd Judicial District Court, Bexar County, Texas, conducted the hearings and ruled on the motion that is the subject of this proceeding.

Timothy J. Daniels, Daniels & Daniels, San Antonio, pro se.

Robert B. Summers, Robert B. Summers & Associates, Llano, for appellee.

Keith E. Cummings, San Antonio, pro se.

Sitting: PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice and PHYLIS J. SPEEDLIN, Justice.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

EXHIBIT 1

**OPINION**

Opinion by SANDEE BRYAN MARION, Justice.

****1** On March 10, 2004, the trial court denied relators' (hereinafter "Daniels") Second Motion for Withdrawal of Counsel in cause number 2002-CI-16967, styled *In the Matter of the Marriage of Keith Edward Cummings and Kelvia Michelle Cummings and In the Interest of Dagen Keith William Cummings, Minor Child.* On March 11, 2004, Daniels filed a petition for writ of mandamus, asserting the trial court erred in denying his motion to withdraw.

**BACKGROUND**

Daniels has represented Keith Edward Cummings since November 2002 in a divorce action and a suit affecting the parent-child relationship. Cummings and his wife are both seeking to be appointed managing conservator with the right to determine their child's residence. After a mistrial in mid-January 2004, the jury trial was reset for March 1, 2004. On January 23, 2004, the trial court heard Daniels' first motion to withdraw. The court denied the motion. Later, for an unrelated reason, the jury trial was reset to May 10, 2004. On March 1, 2004, the trial court heard Daniels' second motion to withdraw. The court denied this motion as well, and this mandamus proceeding ensued.

**DISCUSSION**

[1][2][3] A writ of mandamus may be issued to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Issuance of the writ, however, is limited to only those instances in which an adequate remedy by appeal is not available. *Id.* at 840. Withdrawal of counsel is a proper subject of a mandamus proceeding. *In re Posadas USA, Inc.,* 100 S.W.3d 254, 256 (Tex.App.-San Antonio 2001, orig. proceeding).

[4] Once a lawyer has accepted representation, he or she "normally should endeavor to handle the matter to completion." *See* Tex. Disciplinary R. Prof'l Conduct 1.15, cmt. 1, *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon 1998) (Tex. Bar R. art. 10, § 9). Nevertheless, circumstances may arise that mandate an attorney's withdrawal from representation, while other circumstances allow for an attorney's optional withdrawal. *Id.* An attorney may withdraw ***33** from representing a party by filing a written motion and by showing good cause. Tex.R. Civ. P. 10. Rule 10 does not define "good cause," however, the Texas Disciplinary Rules of Professional Conduct articulate considerations relevant to the merits of Rule 10 motions. *See Posadas,* 100 S.W.3d at 257. Daniels alleged withdrawal here is proper under Disciplinary Rule 1.15.

Subsection (a) of Disciplinary Rule 1.15 states the circumstances under which an attorney's withdrawal is required. *See id.* at 1.15(a)(1)-(3). Subsection (b) of Disciplinary Rule 1.15 lists specific instances under which an attorney may seek to withdraw. Included among those instances are the following:

> (5) the client fails **substantially** to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> ****2** (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Tex. Disciplinary R. Prof'l Conduct 1.15(b)(5), (6), (7) (emphasis added).

In his motion to withdraw, Daniels stated the following grounds as the basis for withdrawal: (1) non-payment of fees, (2) non-payment of fees will result in an unreasonable financial burden on his law office, and (3) representation has been rendered unreasonably difficult by Cummings' actions and the actions of Cummings' agent (who is Cummings' mother, Carolyn Lee). At the time the second motion to withdraw was filed, trial was set to commence in seventy-one days.

There is no dispute here that Daniels and Cummings entered into a written engagement agreement that set forth Cummings' and Lee's obligation to pay Daniels' fees, court costs and expenses. The agreement was signed by Daniels, Cummings as the client, and Lee as guarantor and obligor. Under the engagement agreement, Daniels reserved the right to withdraw as counsel if Cummings and Lee failed to pay the fees due.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

There is no dispute that Daniels' fees have not been paid. *See* Tex. Disciplinary R. Prof'l Conduct 1.15(b)(5). At the time of the hearing on the second motion to withdraw, Daniels was owed approximately $30,000. Daniels testified trial fees may amount to another $25,000 for a five-day jury trial, and his firm could not afford to "offset that kind of hit." Although Daniels testified he has been paid approximately $60,000, we are unable to determine what portion of this amount is for fees and what portion is for expenses and court costs. [FN2] However, there is evidence that eleven depositions have been taken in the case, some of which occurred out of town. *See* Tex. Disciplinary R. Prof'l Conduct 1.15(b)(6).

FN2. Although non-payment of fees is a basis for withdrawal under Disciplinary Rule 1.15(b), the trial court denied Daniels' attempt to admit his fees into evidence or question Cummings about his fees, stating "this is not a fee dispute."

Daniels also sought to establish that his representation of Cummings had been rendered unreasonably difficult and that other good cause for withdrawal existed. Daniels offered into evidence a December 2003 letter from Cummings to Daniels in which Cummings stated as follows: "in view of your past and recent suggestions, ideas, [sic] animosity toward my mother and particularly your bills, I do question your motives and representation of my case.... The conflict you have caused by my mother's ***34** not being able to get answers, to include [unreadable] billing from you and your staff (per your orders) has substantially affected my case, to the point I had to seek additional counsel."

Daniels testified he has had restrictions placed on him as to the work he could perform on Cummings' behalf. Cummings admitted his mother "directed certain work or made decisions that certain legal work would not be performed." At one point, Lee wanted to fire a mediator retained to help settle the child custody dispute. Cummings said attorney James Bass also represented him in this matter, although he had not made an appearance in the case. Lee hired Bass "to help [Daniels] develop a strategy to get this over with and also for [Lee's] own protection." Daniels interpreted one remark by Lee to mean that Lee would sue him. Daniels alleged Lee has interfered with his representation of Cummings "in many material regards," has shown "extreme hostility" toward him and been dishonest, and has prevented Cummings from speaking with him and returning Daniels' phone calls. Because of Lee's behavior, Daniels does not believe he can effectively represent Cummings. *See* Tex. Disciplinary R. Prof'l Conduct 1.15(b)(6), (7). Daniels stated Cummings has refused to accept his correspondence or forward it to a new address, or provide a new mailing address.

****3** Lee admitted Cummings does not read the invoices and reads "very few" of Daniels' letters. She also admitted she did not answer Daniels' letter asking her to disclose allegedly negative information she had on a witness, although she said she answered the question over the telephone. The following exchange occurred between Lee and the trial court:

Q. But I get the impression Mr. Daniels' position is that you are hindering-- And this is not personal.... But your relationship with him is hindering his relationship with his son, in representing him as well. Do you agree or disagree?
A. I agree he feels that way.
Q. Do you agree that that is the case?
A. No.
Q. And why not?
A. Because Mr. Daniels well knows that my son is disabled and he has to go through me.
Q. Why does he need to do that?
A. Because of his disability and his new medication.

...

Q. ... The allegation is that you are hindering the relationship and Mr. Daniels is not able to represent your son because of your activities, is the impression I'm getting.... True or not true? And, if it's not true, why do you believe he says so?
A. I will tell you, I'm not trying to hinder. I'm trying to help my son. I can't speak for how Mr. Daniels feels.

Cummings opposed Daniels' motion to withdraw. Cummings conceded Lee was "a difficult woman," but he did not agree she had interfered with Daniels'

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

ability to represent him. Cummings feared another lawyer would not be able to retain all the information Daniels knew about the case, and he thought it would "look bad" if he did not have the same lawyer throughout the proceedings. Cummings was concerned the relationship between Daniels and Lee had deteriorated to the point that they did not have effective communication. In his response to Daniels' petition for writ of mandamus, Cummings cited financial concerns as his reason for opposing Daniels' withdrawal.

While other rules require a determination of whether the client will be adversely ***35** affected, withdrawal is permitted under subsection (b)(2) through (b)(7) "even though the withdrawal may have a material adverse effect upon the interests of the client." Tex. Disciplinary R. Prof'l Conduct 1.15 , cmt. 8. The record reveals Daniels established good cause justifying his withdrawal: (1) Cummings and Lee failed to substantially fulfill their obligations under the engagement agreement, including their obligation to pay Daniel's fees; (2) continued representation would result in an unreasonable financial burden on Daniels and his office; (3) and Cummings and Lee's actions have rendered continued representation difficult. Accordingly, the trial court erred in denying Daniels' motion to withdraw. Therefore, the writ is CONDITIONALLY GRANTED. Tex.R.App. P. 52.8(c). The Honorable Andy Mireles is DIRECTED to (1) withdraw his March 10, 2004 Order Denying Withdrawal of Counsel for Petitioner and (2) grant Daniels' motion to withdraw as counsel. If he does not do so within ten days of this order, we will issue the writ. Our previous stay order is lifted.

****4** All costs are assessed against the party who incurred them.

138 S.W.3d 31, 2004 WL 782614 (Tex.App.-San Antonio)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

# EXHIBIT 2

**C**
Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT

Please use FIND to look at the applicable circuit court rule before citing this opinion. First Circuit Rule 36(b). (FIND CTA1 Rule 36.)

United States Court of Appeals,
First Circuit.

George E. LIEBERMAN, Movant, Appellant,
INDUSTRIAL DISTRIBUTION CORPORATION, Plaintiff, Appellee,
v.
POLYTOP CORPORATION; Gerhard Hutter; Woodrow Wilson; Robert Harding, Defendants.
George E. LIEBERMAN, Movant, Appellant,
INDUSTRIAL DISTRIBUTION CORPORATION, Plaintiff, Appellee,
v.
POLYTOP CORPORATION; Gerhard Hutter, Defendants, Appellees,
Woodrow Wilson; Robert Harding, Defendants.
**Nos. 00-1766, 00-1827.**

Feb. 21, 2001.

Attorney brought motion to withdraw from representation of his clients in civil action for failure to pay over $80,000 in legal fees. The United States District Court for the District of Rhode Island, Ernest C. Torres, J., denied motion. Attorney appealed. The Court of Appeals held that: (1) district court's interlocutory order denying motion to withdraw was reviewable, and (2) attorney was entitled to withdraw from representation.

Reversed and remanded.

West Headnotes

**[1] Federal Courts ⚿572.1**
170Bk572.1 Most Cited Cases

Order which does not terminate action by disposing of all rights of parties nevertheless is reviewable on appeal if: (1) order conclusively resolves important question (2) which is entirely separate from merits and (3) if matter will evade adequate review on appeal.

**[2] Federal Courts ⚿576.1**
170Bk576.1 Most Cited Cases

District court's order denying attorney's motion to withdraw, which had result of requiring attorney to continue representing client in civil action without compensation, although interlocutory, was reviewable; order conclusively resolved important question entirely separate from merits, matter would evade adequate review on appeal, and order could subject attorney to irreparable harm and amounted to order of specific performance.

**[3] Attorney and Client ⚿76(1)**
45k76(1) Most Cited Cases

**[3] Federal Courts ⚿813**
170Bk813 Most Cited Cases

Grant or denial of attorney's motion to withdraw in civil case is matter addressed to discretion of trial court and will be reversed on appeal only when trial court has abused its discretion.

**[4] Attorney and Client ⚿76(1)**
45k76(1) Most Cited Cases

Attorney could withdraw from representation in



EXHIBIT 2

civil case based on clients' failure to pay over $80,000 in fees, in derogation of written fee agreement, where clients were given sufficient warning that failure to pay would result in attorney's withdrawal from case, clients' private attorney revealed that clients had no reasonable prospect of being able to pay him unless litigation was successful, attorney faced significant financial exposure by being required to go forward, and it was still relatively early stage of litigation. U.S.Dist.Ct.Rules D.R.I., Local Rule 4(d); R.I. Sup.Ct.Rules, Art. V, Rules of Prof.Conduct, Rule 1.17(b)(4-6).

***38** Appeals from the United States District Court for the District of Rhode Island; Ernest C. Torres, U.S. District Judge.

George E. Lieberman and Tillinghast, Licht, Perkins, Smith & Cohen, on brief, for appellant.

Gerhard P. Hutter, on brief, pro se.

Before TORRUELLA, Chief Judge, LEVIN H. CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

****1** The court has determined that oral argument may be dispensed with in this case. *See* Fed.R.App.P. 34(a)(2)(C); 1st Cir.Loc.R. 34(b). After a thorough review of the record and of the parties' submissions, we find that we do have jurisdiction over this interlocutory appeal, and we reverse the lower court's decision denying appellant George E. Lieberman's ("Lieberman's") motion to withdraw from his representation of his clients, Industrial Distribution Corporation ("IDC") and Gerhard Hutter ("Hutter").

[1][2] This is an appropriate interlocutory appeal under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). An order which does not terminate an action by disposing of all rights of the parties nevertheless is reviewable if: 1) the order conclusively resolves an important question 2) which is entirely separate from the merits and 3) if the matter will evade adequate review on appeal. *Id.; United States v. Quintana-Aguayo,* 235 F.3d 682, 684 (1st Cir.2000) . It is clear that the order below conclusively resolved an important question entirely separate from the merits: the question of whether appellee's attorney should be allowed to withdraw. Furthermore, we find that the matter will evade adequate review on appeal. An order requiring an attorney to continue representing a client in a civil action without compensation may subject the attorney to ***39** irreparable harm and amounts to an order of specific performance. *See Whiting v. Lacara,* 187 F.3d 317 (2d Cir.1999). We may proceed to the merits.

[3] "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion." *See Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 135 (1st Cir.1985) (quoting *Washington v. Sherwin Real Estate, Inc.,* 694 F.2d 1081, 1087 (7th Cir.1982)). We conclude that in this instance, the lower court did abuse its discretion.

Rhode Island District Court Local Rule 4(d) provides that "[t]he Rules of Professional Conduct of the Rhode Island Supreme Court shall be the standard of conduct for all attorneys practicing before this court," and the supreme court rules in turn provide the grounds upon which an attorney may seek leave to withdraw. Those rules in part provide that an attorney may withdraw if:

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

R.I. S.Ct. R. 1.17(b)(4)-(6). These factors provide grounds for withdrawal even where withdrawal cannot be accomplished "without material adverse effect on the interests of the client." *See* R .I. S.Ct. R. 1.17(b) ("[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

on the interests of the client, *or* if ... (4) the client fails substantially ....") (emphasis added).

****2** [4] Clearly Hutter has "fail[ed] substantially to fulfill an obligation to [Lieberman] regarding the lawyer's services," R.I. S.Ct. R. 1.17(b)(4), because he has failed to pay Lieberman over $80,000 in fees owed to him, in derogation of their written fee agreement. Before moving to withdraw, Lieberman also gave him sufficient warning that a failure to bring his account up to date would result in his withdrawal from the case. Though only three weeks passed between the time the first bill became past due and the time Lieberman moved to withdraw, three additional weeks passed before the district court heard and denied the motion. In that interim, Hutter's private attorney revealed that Hutter had no money to pay Lieberman, and Hutter indicated he had no reasonable prospect of being able to pay him unless the litigation was successful. Also, in previous months Lieberman repeatedly had to remind Hutter to bring the retainer back up to its required balance, so Lieberman's quick action once the first payment became past due seems reasonable.

Thus, withdrawal under the circumstances certainly would have been consistent with the Local Rules. Further, Lieberman faces substantial additional financial exposure should he be required to go forward. Several pretrial matters have yet to be resolved, and the trial itself will last more than a week. Counsel already has expenses that have not been reimbursed, and there may well be additional substantial expenses that will need to be incurred at trial. It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially ***40** where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position. Under these circumstances, the lower court abused its discretion in refusing to let Lieberman withdraw.

Furthermore, Hutter was less than forthcoming with Lieberman when he signed the fee agreement. Apparently Hutter knew from the beginning that he would be unable to pay his legal fees if he were not successful in the litigation. It appears that he and his wife expected that as a practical matter, Lieberman's representation of them at some point would evolve into a contingency arrangement, whereby Lieberman was to be paid (if at all) out of the proceeds of the litigation. But that was not the arrangement to which Lieberman agreed. Under these circumstances, fairness dictates that Hutter, not Lieberman, suffer the consequences of his own failure to honor his agreement.

Further, we do not think the decision here should hinge entirely on the assertion that the case was nearly ready for trial. Despite the court's apparent attempts to move this case to trial quickly, that goal does not seem to have been realistic. At least one discovery dispute was outstanding; that dispute had been referred to a magistrate judge, who had not set the matter for hearing until approximately two weeks *after* the trial judge had planned to try the case. A partial summary judgment motion was not fully briefed until approximately two weeks before the trial date, and that, too, had been referred to the magistrate judge. Moreover, the opposing party apparently is not pushing to get the matter to trial, as it agreed to a stay of all proceedings pending this appeal. Though certainly a district court should consider the stage of the litigation when deciding an attorney's motion to withdraw, here we find that the timing issues should not have been determinative.

****3** *Appellant's motion to strike is denied. Appellee's motion to file reply brief is allowed. The decision of the lower court is reversed, and the case is remanded for further proceedings consistent with this order.*

2 Fed.Appx. 37, 2001 WL 196759 (1st Cir.(R.I.))

Briefs and Other Related Documents (Back to top)

- 00-1827 Docket) (Jun. 29, 2000)
- 00-1766 Docket) (Jun. 22, 2000)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works