**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DISTRICT**

---

| | | |
|---|---|---|
| John R. Beardmore, Kathrine A. Beardmore and Terry Hedstrom, | : | Court File No.: 01-CV-948 DWF/SRN |
| Plaintiffs, | : | **MEMORANDUM IN SUPPORT OF AMERICAN SUMMIT'S AMENDED MOTION FOR LEAVE TO FILE AND SERVE AMENDED AND SUPPLEMENTAL THIRD-PARTY COMPLAINT** |
| v. | : | |
| American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC | : | |
| Defendants/Third Party Plaintiffs, | : | |
| v. | | |
| Thomas P. Kell, Todd R. Haugan and Richard Lefcowitz, | | |
| Third-Party Defendants. | | |

## INTRODUCTION

Defendant/Third-Party Plaintiff American Summit Financial Holdings, LLC ("American Summit") seeks leave to file and serve an Amended and Supplemental Third-Party Complaint[1] upon Third-Party Defendants Thomas P. Kell, Todd R. Haugan and Richard Lefcowitz, two of whom – Kell and Haugan – were directors of the board of Superior Financial Holdings Corporation ("Superior Financial") at the time of the events that transpired before and after the Third-Party Complaint was filed. This Motion is based on subsequent events that have occurred since the date the Third-Party Complaint was filed – in particular the ruling of the Eighth Circuit

[1] The form of the Amended and Supplemental Third-Party Complaint attached to the original Motion for Leave to File and Serve an Amended and Supplemental Third-Party Complaint has been amended slightly; the revised form is attached to the Amended Motion for Leave to File and Serve an Amended and Supplemental Third-Party Complaint.

Court of Appeals in December 2003, and actions taken by the Third-Party Defendants/directors that ultimately impaired the value of the stock that the Eighth Circuit determined was the property of American Summit. As a result, American Summit has suffered significant financial losses. In light of these events, and based upon the evidence submitted herewith, American Summit respectfully requests leave to file the attached amended and supplemental complaint against Third-Party Defendants Kell, Haugan, and Lefcowitz in order to renew its claims for conversion and intentional interference with contractual relationship, based on the ruling of the Eighth Circuit, and to bring new claims for common-law and statutory breach of fiduciary duty and negligence based on the actions of Kell, Haugan, and Lefcowitz as directors and/or shareholders of Superior Financial.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Superior Financial Holding Corporation is a closely-held bank holding corporation whose only asset of value until its sale in December 2003 was The Lake Bank. At the center of this dispute is ownership of 1,500,000 shares of stock of Superior Financial. A summary of the facts is as follows. Plaintiff Beardmore borrowed $2,500,000 to purchase 3,000,000 shares of Superior Financial stock, and guaranteed repayment of the note by pledging the shares as collateral. Beardmore then defaulted on the loan, and the holder of the note sold it to American Summit. Beardmore attempted to repay the note, and American Summit attempted both to exercise certain options related to the purchase of Superior Financial shares, and to foreclose on the pledged shares pursuant to its status as a secured creditor. Despite demands by Beardmore to turn over Certificate 33, American Summit retained Certificate 33, which evidenced ownership of 1,500,000 shares of Superior Financial stock. The directors of Superior Financial then canceled Certificate 33, and issued Beardmore a replacement certificate – Certificate 42.

Beardmore then sold the shares he alleged he owned to Third-Party Defendants Kell, Haugan, and Lefcowitz, and Superior Financial issued Certificates 43, 44, and 45 to evidence that sale. This suit then commenced.

Plaintiffs filed their Verified Complaint against Defendants on May 21, 2001. Defendant/Third-Party Plaintiff American Summit filed its original Third-Party Complaint on June 19, 2001 against Superior Financial, Tantalon Group, Inc., Thomas P. Kell, Todd R. Haugan, Richard Lefcowitz, and Briggs and Morgan, P.A.. The Third-Party Complaint included the following two claims against Third-Party Defendants Superior Financial, Haugan, Tantalon, Kell, and Lefcowitz: Intentional Interference with Contractual Relationship (Count IV) and Conversion (Count V).

A series of motions followed. In three separate orders, dated December 10, 2001, April 4, 2002, and July 30, 2002, respectively, the District Court ruled, among other things, to grant Third-Party Defendant Briggs and Morgan's Motion to Dismiss all claims against it, and to dismiss with prejudice all the claims in American Summit's Third-Party Complaint. The District Court dismissed Count III (Recovery of Illegal, Unauthorized and *Ultra Vires* Issuance of Certificates No. 43, 44, and 45) because it concluded that Plaintiffs, not American Summit, retained ownership of the shares of stock evidenced by Certificate 33 that was canceled by Superior Financial and ultimately replaced by Certificates No. 43, 44, and 45. It therefore held that American Summit did not have standing to pursue a claim of illegal issuance of replacement certificates since it was not a shareholder or owner of the disputed stock. American Summit appealed, and Plaintiffs' cross-appealed. On December 8, 2003, the Eighth Circuit Court of Appeals issued its opinion, in which it reversed the District Court by holding that American Summit, and not Plaintiffs, retained ownership of Certificate No. 33. It remanded the case back

to the District Court for entry of an order vesting ownership of the shares evidenced by Certificate No. 33 in American Summit, with no deficiency, and for a reconsideration of American Summit's standing to assert its claim regarding the Illegal, Unauthorized and *Ultra Vires* Issuance of Certificates No. 43, 44, 45.

Only ten days after the appellate court ruled that American Summit did, in fact, own 1,500,000 shares of the stock of Superior Financial, on December 18, 2003, the directors of Superior Financial, including Third-Party Defendants Kell and Haugan, entered into a Stock Purchase Agreement with a group of six individual investors, pursuant to which Superior Financial agreed to sell all 1,200 shares of its stock in The Lake Bank, with closing to occur no later than February 15, 2004. This date was later amended to March 15, 2004 by agreement of the parties. The sale of The Lake Bank was precipitated by gross financial mismanagement by the directors and shareholders of Superior Financial, and was undertaken at the direction of federal regulators who had concluded that The Lake Bank was severely undercapitalized. Because The Lake Bank was the only asset of any value owned by Superior Financial, after the sale, the shares of stock of Superior Financial became worthless.

Based both upon the Eighth Circuit's ruling and actions since the date of the Eighth Circuit ruling which caused significant financial injury to American Summit, American Summit seeks leave to pursue two of its original damage claims from the Third-Party Complaint – conversion and intentional interference with contractual relationship – and to bring two new claims against the Third-Party Defendants in their capacities as directors and/or shareholders of Superior Financial. Specifically, American Summit seeks to add a claim of breach of common law fiduciary duty, based on Third-Party Defendants' refusal to allow American Summit to participate in the operations and governance of Superior Financial, and their failure to properly

supervise the affairs of The Lake Bank and to take necessary actions to ensure that The Lake Bank had appropriate underwriting procedures and followed safe and sound banking practices. In addition, American Summit seeks to add a claim of oppression under Minn. Stat. § 302A.751 against Kell and Haugan, as directors of Superior, and Lefcowitz, as a person in control of Superior, because they acted fraudulently, illegally or in a manner unfairly prejudicial toward American Summit in its capacity as a shareholder of a closely-held corporation, and because Kell, Haugan and Lefcowitz refused to acknowledge American Summit's status as shareholder, and thereby prevented American Summit from participating in the management of Superior and frustrated the reasonable expectations of American Summit.

## III. ARGUMENT

### A. Justice Requires That American Summit Be Granted Leave to Amend

The decision whether to grant leave to amend is entrusted to the sound discretion of the district court, *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742 (8th Cir. 1986), but "leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). In considering whether to grant leave to amend, the court considers several factors. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). In the absence of undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment, leave to amend should be freely granted. *Dybevik v. Quality Pork Processors, Inc.*, 2001 WL 811124 at *1 (D. Minn. July 10, 2001) *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors is present here.

First, it has been less than one year since the Eighth Circuit issued its opinion, and less than seven months since the sale of Superior Financial's shares in The Lake Bank. Even if such a timeframe were to constitute delay, "[m]ere delay is not a reason in and of itself to deny leave

to amend. Instead, there must be found some prejudice which would result to others if leave were to be granted." *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp.* 542 F.2d 1010, 1012 (8th Cir. 1976). No prejudice would result to the Third-Party Defendants if leave were granted in this instance. There are no court-ordered deadlines that have passed, no imminent trial date that might be compromised, and the Third-Party Defendants are as capable of responding to an amended and supplemental complaint today as they were the day after the asset sale. Moreover, any prejudice to the Third-Party Defendants must be weighed against the prejudice to American Summit if it were not allowed to amend. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Here, any theoretical prejudice to the Third-Party Defendants is far outweighed by the definite and specific prejudice to American Summit if, notwithstanding the Eighth Circuit's remand, it were not allowed to amend its Third-Party Complaint.

Finally, amendment of the Third-Party Complaint would not be futile, because the appellate court has ruled that American Summit retained ownership of the shares of stock evidenced by the certificate canceled by certain of the Third-Party Defendants and remanded the case to the District Court. Because the District Court's decision on the conversion issue was based on its ruling – now reversed – that American Summit was not the owner of the shares, American Summit should now be able to renew its claim that Superior Financial Holdings converted American Summit's shares. The Court should therefore exercise its discretion to grant American Summit leave to amend its Third-Party Complaint.

B. Complete Adjudication of the Parties' Existing Dispute Can Only Occur if Leave to Supplement the Third-Party Complaint is Granted.

Because of events that have taken place since the original Third-Party Complaint was filed, American Summit's continuing dispute with the Third-Party Defendants can only be

resolved fully if American Summit is permitted to supplement its pleading to take into account those subsequent events. "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The purpose of Rule 15(d) is to promote as complete an adjudication as possible of an existing dispute between the parties that has evolved since the action was initiated. *Schneeweis v. Northwest Technical College*, 1998 WL 420564, at *13 (D. Minn. June 1, 1998). A supplemental pleading is designed to cover matters subsequently occurring but pertaining to the original cause of action. *U.S. v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977); *Kinney v. Stoltz*, 2002 WL 523869, at *3 (D. Minn. April 5, 2002).

Courts have broad discretion in deciding whether to allow a supplemental pleading to be filed. *Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960); *Schneeweis*, 1998 WL 420564, at *13. Among the factors to be considered is whether the original complaint possessed a valid cause of action, and whether the supplementation would hinder judicial efficiency, prejudice the rights of other parties to the action, or would insert a frivolous claim. *Schneeweis* at *13. Based on the Eighth Circuit's ruling that American Summit was the owner of the stock certificate cancelled by Superior, American Summit's original Third-Party Complaint – which included a conversion count – possessed a valid cause of action. In addition, supplementation would not hinder judicial efficiency, because the Court must handle the case on remand in any event. Nor would supplementation prejudice the rights of other parties to the action. In addition to the reasons discussed above, it is the actions of the Third-Party Defendants that have necessitated supplementation.

Finally, supplementation of the original Third-Party Complaint would not insert a frivolous claim. As noted, the acts of the Third-Party Defendants since the time the original Third-Party Complaint was filed have resulted in legitimate claims of breach of fiduciary duty that deserve a full adjudication and that pertain to the original cause of action. *See generally Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 290 (8th Cir. 1988) (affirming leave to supplement in order to allege a subsequent fact that eliminated a jurisdictional bar, because "the expiration of the 60-day waiting period was exactly the kind of event occurring after filing that [plaintiff] should have been allowed to set forth in a supplementary pleading"). Because the dispute between the parties can only be fully resolved if events occurring after the original pleadings are allowed to be adjudicated, this Court should permit supplementation of the Third-Party Complaint.

## CONCLUSION

Because leave to amend and to supplement should be freely granted, and because no factors are present that would justify denial, Third-Party Plaintiff American Summit respectfully requests leave to file and serve the Amended and Supplemental Third-Party Complaint in the form attached as Exhibit A to the Motion for Leave to File Amended and Supplemental Third-Party Complaint on Third-Party Defendants Kell, Haugan, and Lefcowitz.

Dated: November 15, 2004.

MASLON EDELMAN BORMAN & BRAND, LLP

By: s/ J. Alison Morris
Alain M. Baudry (#186685)
J. Alison Morris (#0312150)
3300 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
(612) 672-8200

ATTORNEYS FOR THIRD-PARTY PLAINTIFF
AMERICAN SUMMIT FINANCIAL HOLDINGS, LLC