UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DISTRICT

John R. Beardmore, Katherine A. Beardmore and Terry Hedstrom,

Plaintiffs,

v.

American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC,

Defendants and
Third-Party Plaintiffs,

v.

Superior Financial Holding Corporation, Tantalon Group, Inc., Thomas P. Kell, Todd R. Haugan and Richard Lefcowitz,

Third-Party Defendants.

Court File No. 01-CV-948 DWF/SRN

**ANSWER OF SUPERIOR FINANCIAL HOLDING CORPORATION TO AMENDED AND SUPPLEMENTAL THIRD PARTY COMPLAINT OF AMERICAN SUMMIT**

Defendant Superior Financial Holding Corporation ("Superior"), provides this Answer to the Amended and Supplemental Third Party Complaint of American Summit Financial Holdings ("American"). Except as admitted, qualified, or otherwise explained herein, Superior denies each and every allegation, matter, and thing in Defendants/Third Party Plaintiff's American Amended and Supplemental Third Party Complaint ("Complaint").

**PARTIES**

1. Superior is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of American Summit's Amended and Supplemental Third Party Complaint.

2. Superior, based upon information and belief, understands that Duckson, Carlson, Bassinger & Mitchell, LLC ("DC"), was at one time a limited liability company engaged in the



Doc# 2007388\1

practice of law and did business in Minneapolis, Minnesota. Superior is without knowledge or information sufficient to form a belief as to the truth of the allegation that DC continues to engage in business in Minneapolis, Minnesota.

3. Superior admits Paragraphs 3, 4, 5 and 6 of American's Amended and Supplemental Third-Party Complaint, except that Haugan's name is incorrectly spelled throughout. The proper spelling is as follows: H A U G A N..

4. Superior denies Paragraph 7 of American's Amended and Supplemental Third-Party Complaint.

5. Without prejudice to its right to contest subject matter jurisdiction, Superior admits Paragraph 8 of American's Amended and Supplemental Third-Party Complaint.

6. Superior is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 9, 10, 11, 12, 13, 14, 15, and 16 of American Summit's Amended and Supplemental Third Party Complaint.

7. Superior admits Paragraph 17 of American Summit's Amended and Supplemental Third Party Complaint.

8. Superior is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56 of American Summit's Amended and Supplemental Third Party Complaint.

9. Superior admits Paragraph 57 American Summit's Amended and Supplemental Third Party Complaint.

10. Superior is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 58, 59 and 60 of American Summit's Amended and Supplemental Third Party Complaint.

11. With regard to Paragraph 61 of American Summit's Amended and Supplemental Third Party Complaint, Superior is without knowledge or information sufficient to form a belief as to the truth of the allegation that American Summit paid "more than $2 million to acquire shares in Superior," and denies the remaining allegations in Paragraph 61.

12. With respect to Paragraph 62 of American Summit's Amended and Supplemental Third Party Complaint, Superior alleges that the District Court in this action ruled that the "requirement" of an "indemnity bond" under Minn. Stat. Section 336.8-405 was for the protection of Superior, not American Summit, that the "requirement" was satisfied by the receipt from Beardmore of an indemnity agreement, and that American Summit did not challenge the District Court's holding on appeal. Therefore, the holding of the District Court constitutes the law of the case on the issue, and American Summit is collaterally estopped from re-litigating the issue. Superior admits the remaining allegations of Paragraph 62.

13. Superior admits Paragraphs 63 and 64 of American's Summit's Amended and Supplemental Third Party Complaint.

14. Superior is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 65, 66 and 67 of American Summit's Amended and Supplemental Third Party Complaint.

15. Superior asserts that the court orders and decisions referenced in Paragraphs 68 and 69 of American Summit's Amended and Supplemental Third Party Complaint speak for themselves.

16. Superior denies Paragraph 70 of American Summit's Amended and Supplemental Third Party Complaint.

17. With respect to Paragraphs 71 and 72, Superior admits its directors and officers entered into agreements to sell Superior's interest in the Lake Bank, but asserts that the sale of

Superior's interest in the Lake Bank was necessitated by the order of federal bank regulators and financial exigency.

18. With respect to Paragraph 73, Superior alleges the shares of its stock may not be completely worthless.

19. With respect to Paragraph 74, Superior realleges and incorporates by reference the allegations in numbered paragraphs 1-18 of this Answer.

20. Superior admits Paragraph 75.

21. With respect to Paragraph 76, Superior is without knowledge or information sufficient to form a belief as to the truth of the allegation that American Summit or DC "claimed an interest" in the stock evidenced by Certificate 33, Certificate 42, and Certificates 43, 44 and 45, to the extent that American Summit's allegation implies it or DC "claimed" an ownership interest in such shares, as opposed to a lien holder's interest in such shares, denies such allegation.

22. With respect to Paragraph 77, Superior alleges that American Summit at the times relevant expressly disclaimed ownership of the Superior stock and purposefully elected not to apply for approval from the Federal Reserve Bank to acquire ownership of such shares.

23. Superior denies Paragraph 78, and denies that American Summit is entitled to the relief described in Paragraph 79 of American Summit's Amended and Supplemental Third Party Complaint.

24. With respect to Paragraph 80, Superior realleges and incorporates by reference the allegations in numbered paragraphs 1-23 of this Answer.

25. Superior denies the allegations of Paragraphs 81 and 82, and denies that American Summit is entitled to the relief described in Paragraph 83 of American Summit's Amended and Supplemental Third Party Complaint.

26. With respect to Paragraph 84, Superior realleges and incorporates by reference the allegations in numbered paragraphs 1-25 of this Answer.

27. Superior denies the allegations of Paragraphs 85, 86, 87 and 88 of American Summit's Amended and Supplemental Third Party Complaint.

28. With respect to Paragraph 89, Superior realleges and incorporates by reference the allegations in numbered paragraphs 1-28 of this Answer.

29. Superior denies Paragraphs 90, 91, 92, 93 and 94 of American Summit's Amended and Supplemental Third Party Complaint.

FIRST AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over the claims stated in the amended and supplemental third-party complaint

SECOND AFFIRMATIVE DEFENSE

The amended and supplemental third-party complaint fails to state a claim or claims against Superior upon which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

Third-party plaintiff's damages, in whole or in part, were caused by third-party plaintiff's own acts, omissions, and/or conduct, or by the acts, omissions and/or conduct of third persons.

FOURTH AFFIRMATIVE DEFENSE

Third-party plaintiff has failed to mitigate damages.

FIFTH AFFIRMATIVE DEFENSE

Third-party plaintiff lacks standing.

SIXTH AFFIRMATIVE DEFENSE

Third-party plaintiff has unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

Third-party plaintiff's claims fail because of failure to satisfy a condition precedent, *viz.*, the successful .application for approval to acquire the Superior shares from the Federal Reserve Bank.

**WHEREFORE,** SUPERIOR FINANCIAL HOLDING CORPORATION prays that Third-Party Plaintiffs take nothing from Superior's pursuant to its Amended and Supplemental Third Party Complaint and that answering Third-Party Defendant Superior be awarded its costs, attorneys' fees, and other relief as the Court may deem just and equitable.

Dated: May 3, 2005

s/David L. Sasseville________________________
David L. Sasseville (#156000)
Lindquist & Vennum P.L.L.P.
80 South 8th Street
4200 IDS Center
Minneapolis, MN 55402-2274
(612) 371-2416
(612) 371-3207 (FAX)