**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

John R. Beardmore, Katherine A. Beardmore
DWF/SRN
and Terry Hedstrom,

Plaintiffs,

v.

American Summit Financial Holdings, LLC,
and Duckson, Carlson, Bassinger & Mitchell,
LLC.,

Defendants/Third Party
Plaintiffs,

v.

Superior Financial Holding Corporation,
Briggs and Morgan, P.A., Tantalon Group,
Inc., Thomas P. Kell, Todd R. Haugan, and
Richard Lefcowitz,

Third Party Defendants.

Court File No.: 01-CV-948

**JOINT ANSWER OF THOMAS P. KELL, TODD R. HAUGAN, AND RICHARD LEFCOWITZ TO AMENDED AND SUPPLEMENTAL THIRD-PARTY COMPLAINT OF AMERICAN SUMMIT**

---

Third-Party Defendants Thomas P. Kell ("Kell"), Todd R. Haugan ("Haugan"), and Richard Lefcowitz ("Lefcowitz") provide this Answer to the Amended and Supplemental Third Party Complaint of American Summit Financial Holdings, LLC ("American Summit"). Except as admitted, qualified, or otherwise explained herein, Kell, Haugan, and Lefcowitz deny each and every allegation, matter and thing in American Summit's Amended and Supplemental Third-Party Complaint filed herein ("Complaint").

**PARTIES**

1. Answering Defendants herein are without sufficient information to form an

opinion as to the truth or falsity Paragraph 1 of American Summit's Complaint.

2. With respect to Paragraph 2 of Plaintiff's Complaint Defendants, based upon information and belief, understand that DC is a limited liability company engaged in the practice of law and does business in Minneapolis, Minnesota.

3. Defendants admit Paragraph 3 of Plaintiffs' Complaint, except that Superior is not actively engaged in any business and it is located in Wayzata, MN.

4. Defendants admit Paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit Paragraph 5 of Plaintiffs' Complaint, except Defendants deny that Kell is a Minnesota resident.

6. Defendants admit Paragraph 6 of Plaintiffs' Complaint, except Defendants deny that Lefcowitz, based upon the 12/08/2003 opinion of the 8th Circuit Court of Appeals, was ever a shareholder of Superior.

**JURISDICTION AND VENUE**

7. Defendants deny that this Court has subject matter jurisdiction over this matter.

8. Defendants admit that if this Court has jurisdiction, the State of Minnesota is the proper venue.

**FACTS**

9. With respect to paragraph 9 of Plaintiff's Complaint, Defendants admit that Beardmore acquired at least 3,000,000 shares of common stock of Superior Financial in September 1999 and affirmatively allege that he may have acquired more than 3,000,000 shares at said time.

10. Defendants admit Paragraph 10 of Plaintiff's Complaint.

11. With respect to Paragraph 11 of Plaintiff's Complaint these answering Defendants respectfully submit that the so-called "Investment Agreement" speaks for itself and said Defendants affirmatively allege that none of them have any involvement with any agreement which may or may not have been reached between Superior, DC, Beardmore, and Mark A. Smith. Defendants affirmatively allege that said agreement was never approved by the Board of

Directors of Superior nor any other shareholders.

12. Defendants affirmatively state that with respect to Paragraph 12, the so-called Investment Agreement speaks for itself.

13. With respect to Paragraph 13, these answering Defendants respectfully submit that the terms of the so-called Investment Agreement and "Put Option" speak for themselves.

14. Defendants generally admit the allegations set forth in Paragraph 14 of Plaintiffs' Complaint but affirmatively allege they were uninvolved in this transaction and further affirmatively allege that the terms of the subject Note speak for themselves.

15. With respect to Paragraph 15 of Plaintiffs' Complaint these answering Defendants respectfully submit that the terms of any Pledge Agreements speak for themselves. None of these answering Defendants have any involvement with the subject Pledge Agreement.

16. These answering Defendants have no knowledge with respect to the established market, or lack thereof, of IFS common stock referenced in Paragraph 16 of Plaintiffs' Complaint. These answering Defendants do not know what the term "no established market" means and are unable to admit or deny the allegations of Paragraph 16 with respect to Superior common stock. Defendants acknowledge that Superior common stock is not publicly traded.

17. Defendants admit Paragraph 17of Plaintiffs' Complaint, if the term "at that time" is intended to mean the period of September, 1999.

18. With respect to Paragraph 18, these answering Defendants are without any information or knowledge to form an opinion as to the truth or falsity of any documents executed by the Beardmores.

19. These answering Defendants are without information to form an opinion as to the truth and falsity of the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. With respect to Paragraph 20 of Plaintiff's Complaint, these answering Defendants are without information as to what "additional consideration" the Beardmores may have provided Founders with respect to borrowing funds from Founders but acknowledge that Beardmore gave some type of "option" to Founders.

21. With respect to Paragraph 21 of Plaintiffs' Complaint these answering Defendants acknowledge that Beardmore sold 1,000,000 shares of common stock in Superior to an ESOP of The Lake Bank. Based upon information and belief, Defendants acknowledge that Superior issued Stock Certificate No. 33 to John Beardmore which represented Beardmore's ownership of 1,500,000 shares of common stock in Superior. These answering Defendants have no direct information as to what Beardmore did with his stock certificate.

22. Defendants admit Paragraph 22 of Plaintiffs' Complaint.

23. These answering Defendants have no direct information to form an opinion as to the truth or falsity of Paragraph 23 of Plaintiffs' Complaint but acknowledge that, based upon information and belief, Founders gave Beardmore notice of its intent to sell 1,500,000 shares of common stock in Superior owned by Beardmore.

24. With respect to Paragraph 24 of Plaintiff's Complaint these answering Defendants are without sufficient knowledge to form an opinion as to the truth or falsity of any contact and discussions between DC and Beardmore, or whether DC represented clients that expressed an interest in Beardmore's shares and therefore deny said Paragraph.

25. With respect to Paragraph 25 of Plaintiff's Complaint, Defendants admit that Beardmore and DC entered into an Option Agreement, the terms of which speak for themselves.

26. Defendants do not know what Beardmore did with his IFS shares and therefore deny Paragraph 26 of the Complaint.

27. With respect to paragraph 27 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to when and on what occasions Founders may have notified Beardmore of its default under the Note.

28. With respect to paragraph 28 of Plaintiff's Complaint, Defendants acknowledge that Founders claim to have provided Beardmore a notice of sale on February 16, 2001. These Defendants are without sufficient information to form an opinion as to whether this notice was actually given to Beardmore or received by Beardmore.

29. These answering Defendants are without sufficient information to form an

opinion as to the truth or falsity of Paragraph 29 of Plaintiffs' Complaint.

30. These answering Defendants are without sufficient information to form an opinion as to the truth or falsity of Paragraph 30 of Plaintiffs' Complaint but assume Plaintiff has accurately represented the terms of the subject letter.

31. These answering Defendants do not have sufficient information to form an opinion as to the truth or falsity of Paragraph 31 of Plaintiffs' Complaint.

32. These answering Defendants do not have sufficient information to form an opinion as to the truth or falsity of Paragraph 32 of Plaintiffs' Complaint.

33. These answering Defendants do not have sufficient information to form an opinion as to the truth or falsity of Paragraph 33 of Plaintiffs' Complaint.

34. These answering Defendants do not have sufficient information to form an opinion as to the truth or falsity of Paragraph 34 of Plaintiffs' Complaint.

35. These answering Defendants do not have sufficient information to form an opinion as to the truth or falsity of Paragraph 35 of Plaintiffs' Complaint. Defendants affirmatively allege that American Summit could exercise no control over the subject Superior shares until its ownership of the subject shares was approved by the Federal Reserve Bank.

36. These answering Defendants do not have sufficient information to form an opinion as to the truth or falsity of Paragraph 36 of Plaintiffs' Complaint.

37. These answering Defendants acknowledge that American Summit purports to have submitted a draft application to the Federal Reserve Bank but affirmatively allege that this application was never approved.

38. These answering Defendants are without sufficient information to form an opinion as to the truth or falsity of Paragraph 38 of Plaintiffs' Complaint.

39. These answering Defendants are without sufficient information to form an opinion as to the truth or falsity of Paragraph 39 of Plaintiffs' Complaint.

40. These answering Defendants are without sufficient information to form an opinion as to the truth or falsity of Paragraph 40 of Plaintiffs' Complaint.

41. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 41 of Plaintiffs' Complaint.

42. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 42 of Plaintiffs' Complaint.

43. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 43 of Plaintiffs' Complaint.

44. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 44 of Plaintiffs' Complaint.

45. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 45 of Plaintiffs' Complaint.

46. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 46 of Plaintiffs' Complaint.

47. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 47 of Plaintiffs' Complaint.

48. These answering Defendants are without knowledge to form an opinion as to the truth or falsity of Paragraph 48 of Plaintiffs' Complaint.

49. With respect to Paragraph 49 of Plaintiff's Complaint, these answering Defendants are without knowledge as to what Beardmore did or did not do with respect to the alleged assignment of options to American Summit. Defendants affirmatively allege, however, that it is their understanding that Beardmore attempted to satisfy the note in full.

50. Defendants deny Paragraph 50 of Plaintiffs' Complaint and affirmatively allege that, in fact, the option price was never paid, and has been previously ruled herein, the subject option was never properly exercised.

51. Defendants generally admit Paragraph 51 of Plaintiffs' Complaint.

52. Defendants admit that American Summit refused to release Certificate No. 33 to Beardmore.

53. Defendants admit Paragraph 53 of Plaintiffs' Complaint.

54. With respect to Paragraph 54 of Plaintiffs' Complaint, Defendants respectfully submit that the terms of the subject purchase agreements speak for themselves.

55. With respect to paragraph 55 of Plaintiff's Complaint these answering Defendants are without sufficient information to form an opinion as to whether Beardmore did or did not advise DC of the subject offer.

56. Defendants acknowledge that Kell, on behalf of Superior, canceled Certificate No. 33 pursuant to the demand of Beardmore under the authority referenced in Paragraph 58 of Plaintiffs' Complaint. Defendants are without information to form an opinion as to whether Beardmore notified Founders, DC, or American Summit, or whether he had any obligation to do so.

57. Defendants admit Paragraph 57 of Plaintiffs' Complaint.

58. These answering Defendants admit that there was a general understanding that Founders had a Promissory Note and Security Agreement pursuant to which its Note with Beardmore was ostensibly secured with 1,500,000 shares of Beardmore's common stock in Superior, as alleged in Paragraph 58 of Plaintiffs' Complaint. These answering Defendants do not have sufficient information to form an opinion as to whether the alleged security is "validly perfected" and affirmatively allege Beardmore made one or more good faith tender offers to American Summit, which offers were refused.

59. With respect to Paragraph 59 of Plaintiff's Complaint, Defendants deny that Kell executed any agreement pursuant to which Superior agreed to indemnify anyone. Kell, on behalf of Superior, executed an agreement pursuant to which Beardmore agreed to indemnify Superior. Defendant's further allege that board approval is not necessary for Kell to execute executive functions and tasks as the Chief Executive officer of Superior.

60. With respect to Paragraph 60 of Plaintiffs' Complaint, Defendants admit that Superior canceled Certificate No. 33 and affirmatively that they did so at the demand of Beardmore which was supported by an opinion of Briggs and Morgan by the opinion of outside

legal counsel as was authorized by Minn. Stat. § 336.8-403, 336.8-404, 336.8-405, and 336.8-406.

61. Defendants deny Paragraph 61 of Plaintiffs' Complaint.

62. Defendants admit Paragraph 62 of Plaintiffs' Complaint.

63. Defendants admit Paragraph 63 of Plaintiffs' Complaint but affirmatively allege that Kell did so on behalf of Superior.

64. Defendants admit Paragraph 64 of Plaintiffs' Complaint.

65. With respect to Paragraph 65 of Plaintiffs' Complaint, Defendants are without information to form an opinion as to when American Summit and DC became aware of the fact that Certificate No. 33 had been replaced.

66. These answering Defendants are without information to form an opinion as to the truth or falsity of the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67. These answering Defendants are without information to form an opinion as to the truth or falsity of Paragraph 67 of Plaintiffs' Complaint.

68. Defendants admit Paragraph 68 of Plaintiffs' Complaint.

69. Defendants admit Paragraph 69 of Plaintiffs' Complaint.

70. Defendants admit Paragraph 70 of Plaintiffs' Complaint.

71. Defendants admit that the Directors of Superior agreed to and subsequently sold the 1,200 shares of stock in The Lake Bank on or about March 14, 2004, but affirmatively allege that they did so as required under one or more consent decrees issued by the Office of the Controller of the Currency of the United States Treasury.

72. Defendants acknowledge that they notified the shareholders of Superior that their interest in The Lake Bank had been sold and that no cash was received (due to the fact that the shares of The Lake Bank were encumbered to secure a promissory note, the principal balance of which was in excess of $2,500,000.00). Contrary to the allegations contained in Paragraph 72, Defendants allege that there is no "true and correct copy of the"Stock Purchase Agreement" attached to the Complaint as Exhibit A".

73. Defendants admit that the primary asset of Superior was The Lake Bank and that said asset is no longer owned by Superior. Superior does maintain an interest in several distressed assets, the ultimate value of which is as yet undetermined. The value of American Summit's Superior shares is currently unknown.

74. Defendants acknowledge that Paragraph 74 of the Complaint purports to reallege Paragraphs 1 - 93 (*sic*) of the Third-Party Complaint as more thoroughly set forth therein, which allegation needs no response from Defendants.

75. Defendants admit Paragraph 75 of Plaintiffs' Complaint.

76. Defendants admit Paragraph 76 of Plaintiffs' Complaint and affirmatively allege that their purchase of the separate shares were based upon Beardmore's representation that he had full authority to sell the subject shares, and upon the legal opinion of outside counsel, that the claim of American Summit did not restrict Beardmore's right to sell the subject shares.

77. Defendants admit knowing that American Summit claimed an interest in the stock, but affirmatively allege that they relied upon the opinion of Briggs & Morgan that said claim was invalid, and affirmatively allege that at no time relevant herein had American Summit ever received approval by the Federal Reserve Bank to own the subject stock. In addition Defendant's affirmatively allege that the subject options were never properly exercised.

78. Defendants acknowledge that Superior is entitled to recover Certificates 43, 44 and 45, based upon the 8th Circuit Court of Appeals' December 8, 2003 Order. Defendants deny the balance of Paragraph 78 of Plaintiffs' Complaint herein.

79. Defendants acknowledge American Summit's request and respectfully submit that said paragraph requires no response from Defendants.

80. Defendants acknowledge that Paragraph 80 realleges Paragraphs 1 - 79 and state that no response is due from answering Defendants.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint herein and respectfully submit that said Defendants relied upon the legal opinion of outside legal counsel at all times herein with respect to all actions taken by the named Defendants. American

Summit's rights and interests in the subject 1,500,000 shares were immediately recognized by Superior upon issuance of this Court's December 8, 2003 Order.

82. Defendants deny Paragraph 82 of the Complaint herein and affirmatively allege that American Summit has previously pled an action against Kell, Haugan, and Lefcowitz for conversion (in Count 5 of its June 19, 2001 Third-Party Complaint), which claim was denied by the Court herein and is now barred by the doctrine of res judicata.

83. Defendants deny that American Summit is entitled to judgment and Kell, Haugan, and Lefcowitz for conversion or for any other reason.

84. Defendants acknowledge that Paragraph 84 of Plaintiffs' Complaint realleges the references and allegations contained in 1 - 90 (*sic*) of the Third-Party Complaint.

85. Defendants deny Paragraph 85 of Plaintiffs' Complaint herein and affirmatively allege that any duty to American Summit began at such time as American Summit was legally authorized and approved to own the subject shares of stock in Superior.

86. Defendants deny Paragraph 86 of Plaintiffs' Complaint herein and affirmatively allege that Lefcowitz, in particular, based upon the December 8, 2003 Order of the 8th Circuit Court of Appeals, was never in fact a shareholder of Superior and further allege that he was never an officer or a director, and that he participated in none of the affairs of The Lake Bank or Superior. Defendants further allege that American Summit was never entitled to participate in the operation and governance of Superior as it was not, at all times relevant herein, approved by the Federal Reserve Bank to own the subject stock.

87. Defendants deny Paragraph 87 of Plaintiffs' Complaint herein and affirmatively allege that Lefcowitz, in particular, had nothing to do with operating or managing the affairs of the bank. Defendants further allege that they properly exercised their business judgment as it relates to operating the subject bank as a Directors and, with respect to Kell, as an officer.

88. Defendants deny Paragraph 88 of the Complaint herein.

89. Defendants acknowledge that Paragraph 89 purports to reallege Paragraphs 1 - 95 (*sic*) of the Third-Party Complaint herein, which paragraph requires no response from

Defendants.

90. Defendants admit Paragraph 90 of Plaintiffs' Complaint herein, except they affirmatively allege that American Summit could not legally become the owner of the Superior shares until such time as it was proved that it owned such shares by the Federal Reserve Bank.

91. Defendants deny Paragraph 91 of Plaintiffs' Complaint herein.

92. Defendants deny Paragraph 92 of Plaintiffs' Complaint herein.

93. Defendants deny Paragraph 93 of Plaintiffs' Complaint herein and affirmatively allege that American Summit could not be legally recognized as a shareholder of Superior until such time as approved to be a shareholder by the Federal Reserve Bank, and Defendants further affirmatively allege that the very documents pursuant to which American Summit obtained its security interest in the subject shares (from Founders) specifically stated that they would exercise no control over the subject shares until such time as approved to do so by the Federal Reserve Bank.

94. Defendants deny Paragraph 94 of Plaintiffs' Complaint herein and affirmatively allege that the reasonable and fair market value of the subject shares on May 4, 2001 were dramatically less than that paid by Defendants.

**AFFIRMATIVE DEFENSES**

95. The Court lacks subject matter jurisdiction over the claims stated in the third party supplemental and amended complaint.

96. The amended and supplemental third-party complaint fails to state a claim for which relief can be granted.

97. Defendants allege that Count 2 of third-party plaintiff's Complaint (conversion) has been previously litigated between the parties and is barred by the doctrine of res judicata.

98. Third-party plaintiff has no standing to seek damages based upon its purported ownership of shares of Superior Financial Holding Corporation, given the fact that at no time relevant herein was Plaintiff authorized by the Federal Reserve Board, pursuant to Sec. 3(a)(1) of the Bank Holding Act of 1956 to own such shares.

99. Defendants affirmatively allege any damages sustained by third-party plaintiff were a result of their own acts, omissions or conduct or the conduct of third parties.

100. Defendants affirmatively allege that the third-party plaintiff has unclean hands.

101. Third-party plaintiff has failed to mitigate its damages.

**WHEREFORE, TANTALON, KELL, HAUGAN, AND LEFCOWITZ** pray that Third Party Plaintiffs take nothing from said Defendants pursuant to their amended and supplemental third party complaint and that said answering Defendants be awarded their costs, attorneys' fees, and other relief as the Court may deem just and equitable.

Dated: May __4___, 2005

Respectfully submitted,

HAUGAN LAW OFFICE, LTD.

By_/s/ Todd R. Haugan________________
Todd R. Haugan
A.I.N. 124333
746 Mill Street
Wayzata, MN 55391
952-476-0938

**ATTORNEYS FOR DEFENDANTS THOMAS P. KELL, TODD R. HAUGAN, and RICHARD LEFCOWITZ**