**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**John R. Beardmore, Katherine A. Beardmore, and Terry Hedstrom,**

**Plaintiffs,**

**v.**

**American Summit Financial Holdings, LLC and Duckson, Carlson, Bassinger & Mitchell, LLC,**

**Defendants/Third Party Plaintiffs,**

**v.**

**Superior Financial Holding Corporation, Tantalon Group, Inc, Thomas P. Kell, Todd R. Haugan, and Richard Lefcowitz,**

**Third-Party Defendants.**

**Civil No. 01-948 (DWF/SRN)**

**ORDER**

---

On January 5, 2005, to facilitate the settlement of this case and as authorized in Federal Rule of Civil Procedure 16(a), the Court ordered the parties to appear at a settlement conference on March 3, 2005. (Doc. No. 128.) That Order reads in part:

> Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

(Id. at 128.) Despite the above Order, Third-Party Defendants Thomas P. Kell and Richard Lefcowitz failed to attend or notify the Court of their inability to attend the settlement

conference in violation of this Court's Order. (See Doc. No. 129.) As a consequence, the Court ordered Third-Party Defendants Kell and Lefcowitz to pay American Summit their reasonable fees and costs incurred in attending the March 3, 2005 settlement conference. (Id.) American Summit represents that its costs and fees for attending the March 3, 2005 settlement conference total $1,562.00. After review of the itemized statement of costs and fees, the Court finds the amount submitted by American Summit reflects the reasonable costs and fees incurred as a result of Third-Party Defendants noncompliance with the Court's Order.

Federal Rule of Civil Procedure 16(f) provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Given the above findings and pursuant to Rule 16(f), the Court orders Third-Party Defendants Kell and Lefcowitz to pay American Summit $1,562.00.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Third-Party Defendants Thomas P. Kell and Richard Lefcowitz are ordered to pay American Summit $1,562.00 within ten days of the date of this Order as a sanction for disobeying the Court's January 5, 2005 Order.

DATED: May 25, 2005

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge