**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**John R. Beardmore,**
**Kathrine A. Beardmore, and**
**Terry Hedstrom,**

**Civil No. 01-948 DWF/SRN**

**Plaintiffs,**

**v.**

**American Summit Financial**
**Holdings, LLC and Duckson,**
**Carlson, Bassinger & Mitchell, LLC,**

**Defendants/Third Party Plaintiffs,**

**v.**

**Superior Financial Holding Corporation,**
**Tantalon Group, Inc., Thomas P. Kell,**
**Todd R. Haugan and Richard Lefcowitz,**

**Third Party Defendants.**

**AMENDED**
**NOTICE OF STATUS CONFERENCE AND SETTLEMENT CONFERENCE**

---

A status conference and settlement conference will be held in the above-referenced matter on **May 4, 2006, at 9:30 a.m.,** in Suite 9E, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the power to

change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

Trial counsel shall meet with one another on or before **April 20, 2006,** to seek to achieve an agreement to resolve this dispute. If complete agreement is not reached, each attorney shall deliver to chambers on or before **April 27, 2006**, a letter which shall include: (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; and (5) a reasoned analysis justifying their client's last stated settlement position as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

DATED: January 30, 2006

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge