UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

John R. Beardmore, Kathrine A. Beardmore and Terry Hedstrom,

Court File No. 0:01-cv-00948-PFS-JJG

Plaintiffs,

v.

**MEMORANDUM OF LAW**

American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC,

Defendants/Third Party Plaintiffs,

vs.

Thomas P. Kell, Todd R. Haugan and Richard Lefcowitz,

Third-Party Defendants.

---

A cross-claim by one third party defendant against another third party defendant is allowed under Civ.R. 14(a) provided the cross-claim complies with the provisions of Civ. R. 13. ***Wright, Miller & Kane, Federal Practice and Procedure***: Civil 2d §1456.

Civ. R. 13(g) provides that:

> A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim thereon or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

A cross-claim is properly assertable if it ". . .involves many of the same factual and legal issues present in the main action." ***Wright, Miller & Kane, Federal Practice and Procedure***: Civil 2d §1432,

p. 244. "Courts generally have agreed that these words should be interpreted liberally in order to further the general policies of the federal rules and carry out of the philosophy of Rule 13(a)." Id. at §1410, p. 50.

Allowance of Lefcowitz's cross-claim is appropriate because his claims against these co-third-party defendants are related to the claims of defendants/third-party plaintiffs and judicial economy, convenience and fairness to all of the litigants would be served by permitting Lefcowitz to proceed with his cross-claim. Lefcowitz's claims involve the same parties, the same subject matter, the Superior stock, some of the same causes of action, namely, fraud and breach of fiduciary responsibility, and very likely the same evidence.

In addition, Civ. R. 13(g) provides that a cross-claim may be asserted if it "relates to any property that is the subject matter of the original action." Id. at §1432, p. 251, and Danner vs. Anskis, 256 F.2d 123 (C.A. 3, 1958). The subject matter in the third party complaint, as amended, and in the cross-claim, is the Superior stock. Therefore, on this basis alone, the cross-claim should be allowed.

Finally, as noted long ago in Dairy Engineering Corporation vs. De-Raef Corporation, 2 F.R.D. 378, 379 (1942) the Federal Rules of Civil Procedure "contemplate the greatest liberality in the pleadings. Amendments are liberally allowed in the interest of justice." See also, Providential Development Co. Vs. U.S. Steel Co., 236 F.2d 277 (C.A. 10, 1956) and Thomas vs. Valco Refineries, 214 F.2d 884 (C.A. 10, 1954).

**CONCLUSION**

For these reasons, Third-Party Defendant Lefcowitz's motion to amend the pleadings in order to allow him to assert a cross-claim against Kell and Haugan should be granted.

Dated: June 21, 2006.

RESPECTFULLY SUBMITTED,

KENNETH D. BUTLER, LTD.

By s/Kenneth D. Butler

Kenneth D. Butler, #13791
11 East Superior Street, #555
Duluth, Minnesota 55802
Telephone: (218) 625-2264

THOMAS O. MULLIGAN

By s/Thomas O. Mulligan

Thomas O. Mulligan, #1013152
902 River Street, P.O. Box 457
Spooner, Wisconsin 54801

ATTORNEYS FOR THIRD-PARTY
DEFENDANT RICHARD LEFCOWITZ