**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John R. Beardmore, Kathrine A. Beardmore and Terry Hedstrom,<br><br>Plaintiffs,<br><br>v.<br><br>American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC,<br><br>Defendants/Third Party Plaintiffs,<br><br>vs.<br><br>Thomas P. Kell, Todd R. Haugan and Richard Lefcowitz,<br><br>Third Party Defendants. | Court File No.: 01-CV-948 (PFS/JJG)<br><br>**AMERICAN SUMMIT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED THIRD PARTY COMPLAINT** |

Defendant and Third Party Plaintiff American Summit Financial Holdings, LLC ("American Summit") moves for leave to file its Second Amended Third Party Complaint submitted herewith. Because the law permits the liberal amendment of a complaint and there is no prejudice, undue delay, or other basis to bar amendment, American Summit respectfully requests that its motion be granted.

## I. PROCEDURAL HISTORY.

American Summit filed its third party complaint on April 14, 2005, seeking to recover damages arising from actions taken by Thomas P. Kell, Todd R. Haugan, and Richard Lefcowitz ("Third Party Defendants") to deprive American Summit of its rights

as a shareholder of Superior Financial Holdings Corporation. On May 9, 2006, Magistrate Judge Susan Nelson issued the Pretrial Scheduling Order for this case. The Scheduling Order sets July 1, 2006 as the deadline to seek amendment of the pleadings and January 2, 2007 as the discovery cutoff.

## II. ARGUMENT.

American Summit seeks leave to file its Amended Third Party Complaint to clarify the allegations of conversion, breach of fiduciary duty, and oppression of a shareholder. The amendments are minor and are merely intended to clarify the allegations.

### A. LEAVE TO AMEND SHOULD BE FREELY GIVEN.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." Applying this liberal amendment policy, the Supreme Court has held that leave to amend should be "freely given" absent any "apparent or declared reason" for denial. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial of leave to amend is appropriate "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). In keeping with this liberal policy, when a motion seeking leave to amend is filed before the deadline for amending pleadings set forth in the applicable pretrial order, as is the case here, the moving party is not required to make a showing of "good cause." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 582-583 (D. Minn. 1999).

**1. There Is No Undue Delay.**

There is no undue delay associated with American Summit's proposed amendment. American Summit files this motion for leave to amend before the July 1, 2006, deadline for amending the pleadings set forth in the Pretrial Scheduling Order. The motion is therefore timely. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994) (finding delay unreasonable only because movant engaged in dilatory tactics throughout case and filed motion for leave to amend fourteen months after filing the original complaint, six days after the discovery cutoff, and less than three weeks before trial).

**2. The Proposed Amendment Is Not Futile.**

American Summit's amendment is not futile. "[A]n amendment to a pleading can be successfully challenged on grounds of futility [only] if the claims created by the amendment would be unable to withstand a Motion to Dismiss." *Dunlap v. Chubb Life Ins. Co. of Am.*, 981 F. Supp. 1201, 1203 (D. Minn. 1997) (internal quotations and citations omitted). Here, American Summit's proposed amendment states allegations for which relief can be granted.

**3. There is No Unfair Prejudice.**

Third Party Defendants will not suffer unfair prejudice as a result of American Summit's proposed amendment. Unfair prejudice might arise in situations where a proposed amended pleading is raised for the first time near or after discovery deadlines, often on the eve of trial, and raises an entirely new cause of action that catches the

opposing party by surprise. *See, e.g.*, *Roberson*, 241 F.3d at 996; *Williams*, 21 F.3d at 225-226; *Aon Risk*, 187 F.R.D. at 583. Those factors are not present here.

Very limited discovery has taken place in this case,[1] and the discovery cutoff date is months away. No depositions have been taken since the case was remanded and the First Amended Third Party Complaint was filed. Third Party Defendants will have ample opportunity to mount a defense. Moreover, given the minor nature of the changes, there should be little if any effect upon their defense strategy. Accordingly, American Summit's proposed amendment will not result in unfair prejudice to Third Party Defendants.

### 4. There is No Bad Faith on American Summit's Part.

American Summit's proposed amendment does not reflect bad faith by American Summit. American Summit is merely seeking to amend its Third Party Complaint to clarify its allegations regarding the conduct of the Third Party Defendants which gave rise to the damages it has suffered.

## III. CONCLUSION.

For the foregoing reasons, American Summit respectfully requests that its Motion for Leave to File its Second Amended Third Party Complaint be granted.

[1] Third Party Defendants have not conducted any discovery.

Dated: June 30, 2006

**MASLON EDELMAN BORMAN & BRAND LLP**

By: s/André J. LaMere
Jonathan S. Parritz (#177581)
André J. LaMere (#321205)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 672-8200
Fax: (612) 672-8397

**ATTORNEYS FOR DEFENDANT / THIRD PARTY PLAINTIFFS AMERICAN SUMMIT FINANCIAL HOLDINGS, LLC**

468721v2