UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

John R. Beardmore, Katherine A. Beardmore and Terry Hedstrom,

Plaintiffs,

v.

American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC.,

Defendants/Third Party Plaintiffs,

v.

Superior Financial Holding Corporation, Briggs and Morgan, P.A., Tantalon Group, Inc., Thomas P. Kell, Todd R. Haugan, and Richard Lefcowitz,

Third Party Defendants.

Court File No.: 01-CV-0948-PJS-JJG

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND ANSWER OF THIRD PARTY DEFENDANTS THOMAS P. KELL AND TODD R. HAUGAN**

---

## INTRODUCTION

Third Party Defendants Thomas P. Kell ("Kell") and Todd R. Haugan ("Haugan") (collectively, "Movants") respectfully move the Court for leave to file an Amended Answer and Counterclaim in connection with the above-captioned matter. By their proposed amendment, Movants seek to: (1) clarify responses to allegations made in the Amended and Supplemental Third Party Complaint of American Summit Financial

Holdings, LLC ("American Summit"); (2) remove responses previously made on behalf of Third Party Defendant Richard Lefcowitz ("Lefcowitz") and (3) bring counterclaims against Plaintiff John R. Beardmore ("Beardmore") for breach of contract and negligent misrepresentation. For the reasons described herein, Movants respectfully request that the Court grant their motion.

## BACKGROUND[1]

On April 14, 2005, American Summit filed its Amended and Supplemental Third Party Complaint (the "Complaint") against Third Party Defendants Kell, Haugan and Lefcowitz. Kell, Haugan and Lefcowitz subsequently filed a joint Answer on each of their behalves. Since that time, there has been little activity in this litigation. A settlement conference was held with the Court on May 4, 2006, which did not result in resolution of this matter. Magistrate Judge Susan Nelson subsequently issued a Pretrial Scheduling Order, which establishes a July 1, 2006 deadline for moving to amend the pleadings and a January 2, 2007 deadline for completing discovery. Kell and Haugan filed their Notice of Motion and Motion to Amend on June 29, 2006. To date, little discovery has been done.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Moreover, "denial of leave to amend pleadings is

[1] A more detailed description of the factual and procedural background, as determined by the Eighth Circuit Court of Appeals, can be found in that court's December 8, 2003 decision, Beardmore v. Am. Summit Fin. Holdings, LLC, 351 F.3d 352 (8th Cir. 2003).

appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Policy Dep't, 241 F.3d 992, 995 (8th Cir. 2001). While the decision of whether to grant leave to amend is entrusted to the sound discretion of the trial court, Niagara of Wis. Paper Corp. v. Indus. Union-Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986), "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion inconsistent with the spirit of the Federal Rules," Hanson v. Hunt Oil Co., 398 F.2d 578, 581 (8th Cir. 1968) (emphasis added) (citing Foman v. Davis, 371 U.S. 178, 182 (1982).

By their Amended Answer and Counterclaim, Kell and Haugan seek to clarify responses to American Summit's Amended and Supplemental Complaint and remove responses previously made on behalf of Third Party Defendant Lefcowitz. Lefcowitz is now represented by separate counsel and has recently moved the Court for permission to assert a cross-claim against Third Party Defendants Haugan and Kell. As a result, Lefcowitz's interests now stand adverse to those of Haugan and Kell, and the previously filed joint Answer of Haugan, Kell and Lefcowitz should be amended. These basic changes will not prejudice any of the parties in this action or delay the proceedings in any way.

Haugan and Kell also request permission to assert a counterclaim against Beardmore. It was Beardmore who commenced this action several years ago by filing a

Complaint against American Summit and Duckson, Carlson, Bassinger & Mitchell, LLC ("DCBM") relating to Beardmore's sale of his interest in Superior Financial Holding Corporation ("Superior"). Now, Haugan and Kell seek to bring a counterclaim against Beardmore in connection with the same transaction.

In addition to the liberal standard governing amendments to pleadings, there are several reasons why Haugan's and Kell's motion should be granted. Importantly, Haugan's and Kell claims against Beardmore arise from the same set of facts as other claims currently being litigated, namely Beardmore's sale of his Superior stock. Allowing Haugan and Kell to file and serve the proposed Counterclaim against Beardmore will, *inter alia*, enable the Court to properly award complete relief in a single action and avoid the cost, delay and waste of a separate action against Beardmore.

Moreover, neither Beardmore nor any other party in this action will be unfairly prejudiced by the proposed Counterclaim. As the original plaintiff in this action, Beardmore should have had every expectation that any and all claims arising from the sale of his interest in Superior would be litigated in a single action. With respect to the other parties, Haugan's and Kell's claims arise from the same transaction that is at the heart of this dispute and involve many of the same factual and legal issues already being litigated. To date, almost no discovery has taken place in this matter. Indeed, Haugan and Kell have yet to conduct any discovery and the deadline for completing discovery is almost six months away.

Finally, the proposed amendments are not the product of undue delay and are not futile. Haugan's and Kell's Motion to Amend was filed with the Court in advance of the July 1, 2006 deadline for moving to amend the pleadings or add parties. With respect to the issue of futility, Haugan and Kell have stated claims against Beardmore for breach of contract and negligent misrepresentation. Both claims are supported by the evidence and, therefore, are not futile. For these reasons, Kell's and Haugan's motion to amend to assert a counterclaim against Beardmore should be granted.

## CONCLUSION

For all of the above-described reasons, Kell and Haugan respectfully request that the Court grant them permission to serve and file their proposed Amended Answer and Counterclaim.

**ANTHONY OSTLUND & BAER, P.A.**

Dated: July 13, 2006

By: /s/ Shawn C.E. Rauckman
Joseph W. Anthony (#2872)
Shawn C.E. Rauckman (#341824)
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 349-6969

**ATTORNEYS FOR THIRD PARTY DEFENDANTS TODD R. HAUGAN AND THOMAS P. KELL**