UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

John R. Beardmore, Kathrine A. Beardmore and Terry Hedstrom,

Plaintiffs,

v.

American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC,

Defendants/Third Party Plaintiffs,

vs.

Thomas P. Kell, Todd R. Haugan and Richard Lefcowitz,

Third-Party Defendants.

Court File No. 0:01-cv-00948-PJS-JJG

**CROSS CLAIM OF DEFENDANT RICHARD LEFCOWITZ**

---

For its cross-claim against Third-Party Defendants, Thomas B. Kell ("Kell") and Todd R. Haugan ("Haugan"), Third-Party Defendant Richard Lefcowitz ("Lefcowitz") alleges that:

**COUNT I**
**FRAUD**

1. At all times relevant herein, Kell and Haugan were officers and directors of Superior Financial Holding Corporation ("Superior"), a Minnesota corporation having its principal office and place of business in Two Harbors, Minnesota.

2. At no time prior to Third-Party Defendant Lefcowitz's investment in the Superior stock did either Kell or Haugan disclose to Lefcowitz that one or more of American Summit Financial Holdings, LLC ("American Summit"), Founders Equity Group, Inc. ("Founders") or Duckson, Carlson, Bassinger & Mitchell, LLC ("DC") claimed an

interest in the Superior stock.

3. Lefcowitz is further informed and believes and thereon alleges that Kell and Haugan conspired together by fraudulent concealment of Founders', American Summit's or DC's claim to be entitled to the stock in order to induce Lefcowitz to purchase 1,500,000 shares of Superior stock for a total purchase price of $1,700,000.00 and to defraud him.

4. This fraudulent representation did in fact cause Lefcowitz to purchase the Superior stock in reliance thereon.

5. That Lefcowitz suffered pecuniary damages in the amount of at least $1,700,000.00, with the exact amount to be proved at trial, as a result of said reliance.

**COUNT II**
**BREACH OF COMMON LAW FIDUCIARY DUTY**

6. Leftcowitz realleges and incorporates by reference the allegations contained in paragraphs 1-5 of his cross-claim as though fully set forth herein.

7. Kell and Haugan, as shareholders, officers and directors of Superior, had a fiduciary duty to Lefcowitz to disclose to him that one or more of Founders, American Summit or DC claimed an interest in the stock Kell and Haugan were encouraging Lefcowitz to purchase in Superior.

8. By concealing this information from Lefcowitz, Kell and Haugan failed to deal openly, honestly and fairly with Lefcowitz, and such conduct constituted a breach of their fiduciary duty.

9. As a result of this breach of fiduciary duty of Kell and Haugan, Lefcowitz has been damaged in an amount of at least $1,700,000.00, with the exact amount to be proved at trial.

**COUNT III**
**BREACH OF DUTY TO DISCLOSE**

10. Lefcowitz realleges and incorporates by reference the allegations contained in paragraphs 1-9 of his cross-claim as though fully set forth herein.

11. Haugan is an attorney and licensed to practice law in the State of Minnesota.

12. As an attorney, Haugan owed a duty to disclose to Lefcowitz the claimed interest of one or more of American Summit, Founders or DC in the Superior stock prior to Lefcowitz's purchase of it.

13. Attorney Haugan's failure to disclose this material fact constituted a breach of his duty to disclose to Lefcowitz.

14. As a result, Lefcowitz has been damaged in an amount of at least $1,700,000.00, with the exact amount to be proved at trial.

**COUNT IV**
**NEGLIGENT REPRESENTATION**

15. Lefcowitz realleges and incorporates by reference the allegations contained in paragraphs 1-14 of his cross-claim as though fully set forth herein.

16. Haugan filed a joint answer on behalf of himself, Kell and Lefcowitz to the original and supplemental Third Party Complaint of Defendants and Third Party Plaintiffs without Lefcowitz's knowledge or consent.

17. Haugan was negligent in undertaking to represent Lefcowitz since he knew or should have known that he very likely would be a necessary witness in this action and because of the conflicts of interests he had with Lefcowitz as a co-defendant which at the very least included:

    a. That Lefcowitz could allege fraud in a cross-claim against him;

b. That Lefcowitz could allege a breach of common law fiduciary duty against him;

c. That Lefcowitz could allege a breach of duty to disclose against him.

18. The extent to which Lefcowitz has been damaged as a result of this negligent representation will be proven at trial.

WHEREFORE, this Third-Party Defendant demands judgment against Third-Party Defendants Kell and Haugan as follows:

1. For all sums that may be adjudged against this Third-Party Defendant in favor of Defendants/Third Party Plaintiffs.

2. On Count I, for judgment against Kell and Haugan for fraud in an amount in excess of $50,000.00.

3. On Count II, for judgment against Kell and Haugan for breach of their fiduciary duty to Third-Party Defendant Lefcowitz as a shareholder and investor in an amount in excess of $50,000.00.

4. On Count III, for judgment against Haugan for breach of his duty to disclose in an amount in excess of $50,000.00.

5. On Count IV for judgment against Haugan for negligent representation in an amount in excess of $50,000.00.

6. For an award of Third-Party Defendant Lefcowitz's costs and attorney's fees.

7. For such other and further relief as the Court may deem just and equitable.

Dated: ____________________, 2006.

KENNETH D. BUTLER, LTD.

By___________________________________

Kenneth D. Butler, #13791
11 East Superior Street, #555
Duluth, Minnesota 55802
Telephone: (218) 625-2264

THOMAS O. MULLIGAN

By___________________________________

Thomas O. Mulligan, #__________
902 River Street, P.O. Box 457
Spooner, Wisconsin 54801

ATTORNEYS FOR THIRD-PARTY
DEFENDANT RICHARD LEFCOWITZ