UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

John R. Beardmore, Kathrine A. Beardmore and Terry Hedstrom,

Plaintiffs,

v.

American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC,

Defendants/Third Party Plaintiffs,

v.

Thomas P. Kell, Todd R. Haugan, and Richard Lefcowitz,

Third Party Defendants.

Court File No.: 01-CV-948 (PFS/JJG)

**ANSWER TO CROSS CLAIM OF DEFENDANT RICHARD LEFCOWITZ**

---

Third-Party Defendants Thomas P. Kell ("Kell") and Todd R. Haugan ("Haugan") provide this Answer to the Cross Claim of Defendant Richard Lefcowitz (the "Cross Claim"). Except as admitted, qualified, or otherwise explained herein, Haugan and Kell deny each and every allegation in the Cross Claim.

**COUNT I**
**FRAUD**

1. In response to Paragraph 1 of the Cross Claim, Haugan and Kell deny that Haugan was an officer of Superior Financial Holding Corporation ("Superior") during all

relevant times. Haugan and Kell admit the remaining allegations of Paragraph 1 of the Cross Claim.

2. Haugan and Kell deny the allegations of Paragraph 2 of the Cross Claim. Haugan and Kell affirmatively allege that the Stock Purchase Agreement executed by Lefcowitz discloses the existence of Duckson, Carlson, Bassinger & Mitchell, LLC's ("Duckson's") interest in the Superior stock. Moreover, Lefcowitz was provided with a copy of Duckson's Option Agreement before he purchased his Superior shares. Haugan further affirmatively alleges that Haugan and Lefcowitz did not meet and had no contact or communication with one another until after Lefcowitz had already purchased his Superior shares.

3. Haugan and Kell deny the allegations of Paragraph 3 of the Cross Claim.

4. Haugan and Kell deny the allegations of Paragraph 4 of the Cross Claim.

5. Haugan and Kell deny the allegations of Paragraph 5 of the Cross Claim.

**COUNT II**
**BREACH OF COMMON LAW FIDUCIARY DUTY**

6. Haugan and Kell acknowledge that Paragraph 6 of the Cross Claim realleges and incorporates by reference the allegations contained in Paragraphs 1 – 5 of the Cross Claim.

7. In response to Paragraph 7 of the Cross Claim, Haugan and Kell deny that Haugan was an officer of Superior during relevant time periods. Haugan and Kell further deny that they had a fiduciary duty to Lefcowitz in connection with Lefcowitz's purchase of his Superior shares. Haugan affirmatively alleges that he did not meet and had no

contact or communication with Lefcowitz until after Lefcowitz had already purchased his Superior shares.

8. Haugan and Kell deny the allegations of Paragraph 8 of the Cross Claim.

9. Haugan and Kell deny the allegations of Paragraph 9 of the Cross Claim.

**COUNT III**
**BREACH OF DUTY TO DISCLOSE**

10. Haugan and Kell acknowledge that Paragraph 10 of the Cross Claim realleges and incorporates by reference the allegations contained in Paragraphs 1 – 9 of the Cross Claim.

11. Haugan and Kell admit the allegations of Paragraph 11 of the Cross Claim.

12. Paragraph 12 of the Cross Claim calls for a legal conclusion, to which no response is required. To the extent any response is required, Haugan and Kell deny the allegations of Paragraph 12 of the Cross Claim. Haugan affirmatively alleges that he did not meet and had no contact or communication with Lefcowitz until after Lefcowitz had already purchased his Superior shares.

13. Haugan and Kell deny the allegations of Paragraph 13 of the Cross Claim.

14. Haugan and Kell deny the allegations of Paragraph 14 of the Cross Claim.

**COUNT IV**
**NEGLIGENT REPRESENTATION**

15. Haugan and Kell acknowledge that Paragraph 15 of the Cross Claim realleges and incorporates by reference the allegations contained in Paragraphs 1 – 14 of the Cross Claim.

16. Haugan and Kell deny the allegations of Paragraph 16 of the Cross Claim. Haugan and Kell affirmatively allege that Lefcowitz had knowledge of the joint answer and consented to its filing.

17. Paragraph 17 of the Cross Claim calls for a legal conclusion, to which no response is required. To the extent any response is required, Haugan and Kell deny the allegations of Paragraph 17 of the Cross Claim. Haugan and Kell affirmatively allege that Haugan withdrew from the representation of Lefcowitz after it became known that Haugan could be called to testify as a witness in this matter.

18. Haugan and Kell deny the allegations of Paragraph 18 of the Cross Claim.

**AFFIRMATIVE DEFENSES**

19. The Court lacks subject matter jurisdiction over the claims stated in the Cross Claim.

20. The Cross Claim fails to state a claim for which relief can be granted.

21. Haugan and Kell affirmatively allege any damages sustained by Lefcowitz were a result of his own acts, omissions or conduct or the conduct of third parties.

22. Haugan and Kell affirmatively allege that the Lefcowitz's claims are barred in whole or in part by the doctrines of estoppel, unclean hands, breach, and waiver.

23. Lefcowitz has failed to mitigate his damages.

24. Lefcowitz's fraud claim is barred by his failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant respectfully requests that the Court find in favor of Haugan and Kell and against Lefcowitz and enter the following relief:

1. Dismiss Lefcowitz's claims with prejudice;

2. Award Haugan and Kell their costs, disbursements, prejudgment interest and attorneys' fees as allowed by law; and

3. An award of such other and further relief as the Court may deem just and appropriate.

**ANTHONY OSTLUND & BAER, P.A.**

Dated: September 11, 2006

By: *_/s/ Shawn C.E. Rauckman_*
Joseph W. Anthony (#2872)
Cheryl A. Stanton (#027950X)
Shawn C.E. Rauckman (#341824)
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 349-6969

**ATTORNEYS FOR THIRD PARTY DEFENDANTS TODD R. HAUGAN AND THOMAS P. KELL**