UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DISTRICT

Court File No.: 01-CV-948 DWF/SRN

John R. Beardmore, Kathrine A. Beardmore and Terry Hedstrom,

Plaintiffs,

v.

American Summit Financial Holdings, LLC, and Duckson, Carlson, Bassinger & Mitchell, LLC,

Defendants/
Third-Party Plaintiffs,

v.

Superior Financial Holding Corporation, Briggs & Morgan, P.A., Tantalon Group, Inc., Thomas P. Kell, Todd R. Haugan, and Richard Lefcowitz,

Third-Party Defendants.

# DEFENDANT AND THIRD PARTY PLAINTIFF AMERICAN SUMMIT FINANCIAL HOLDING CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

This matter arises out of Plaintiff John R. Beardmore's and Katherine A. Beardmore's ("Beardmores") and Third-Party Defendants Thomas P. Kell's, Todd R. Haugan's and Richard Lefcowitz's ("collectively Third-Party Defendants") unlawful conversion of stock owned by American Summit Financial Holdings, LLC ("American Summit"). American Summit owned 1.5 million shares of stock in Superior Financial

Holding Corporation ("Superior"). The Beardmores and Third-Party Defendants unlawfully cancelled American Summit's stock in Superior and converted ownership in the stock to Third-Party Defendants. Beardmores then initiated this action claiming that they owned the Superior stock. American Summit counterclaimed and commenced a third-party action against the Beardmores and Third-Party Defendants for conversion, breach of contract, and other securities violations.

Many of the issues in this case have already been decided by the 8th Circuit in *Beardmore v. American Summit*, 351 F.3d 352 (8th Cir. 2003). And, American Summit has already settled its conversion claims with Third-Party Defendants. The only remaining claim in this matter is American Summit's conversion claim against the Beardmores. Because the 8th Circuit already held that American Summit was the true owner of the Superior stock and because the Beardmores unlawfully converted that stock to Third-Party Defendants, summary judgment is proper. Thus, American Summit respectfully requests that this Court grant its motion and order judgment in favor of American Summit against the Beardmores for the value of the stock at the time of the conversion.

**ISSUE PRESENTED**

I. Is American Summit entitled to judgment against the Beardmores for the Beardmores unlawful conversion of 1.5 million shares of Superior stock? (Yes).

## STATEMENT OF UNDISPUTED FACTS[1]

Beardmores borrowed $2.5 million from Founders Equity Group, Inc. ("Founders") to purchase 3.35 million shares of Superior stock[2]. They signed a promissory note ("Founders Note") and a security agreement ("Security Agreement"). The Security Agreement granted Founders a security interest in 2.5 million Superior shares, the Innovative Financial Systems, Inc. ("IFS") shares held by the Beardmores, and at least one parcel of the Beardmores' real estate. Additionally, the Beardmores granted Founders an option ("Founders Option") to purchase 250,000 Superior shares for $250,000.

The Beardmores sold one million Superior shares covered by the Security Agreement, applying the proceeds to the Founders Note. Superior Financial then issued the Beardmores a new stock certificate ("Certificate 33") evidencing 1.5 million shares of Superior, which Beardmores delivered to Founders. The Beardmores also granted Duckson, Carlson Bassinger & Mitchell, LLC an option ("DC Option") to purchase two million Superior shares at $1.50 per share.

After the Beardmores defaulted on the Founders Note, Founders notified the Beardmores of its intent to foreclose on the collateral securing the Founders Note. The Beardmores requested Founders delay the foreclosure sale. In a reply letter dated

---

[1] Unless otherwise stated, the facts of this case have been taken from the 8th Circuit decision in *Beardmore v. American Summit*, 351 F.3d 352 (8th Cir. 2003).

[2] Superior Financial is a holding company whose sole asset was the Lake Bank in Two Harbors, Minnesota. Third-Party Defendants were the officers and directors of Superior Financial.

February 22, 2001, Founders agreed to delay the foreclosure sale for a specific period of time, if the Beardmores agreed that the sale procedure Founders outlined in the February 22 letter was commercially reasonable. The February 22 letter provided the sale would be commercially reasonable if Founders first sold the Superior shares and only sold the IFS shares if a deficiency existed after the sale of the Superior shares. The Beardmores agreed this sale procedure would be commercially reasonable.

A week later, Founders assigned the Founders Note and Founders Option, and Founders' security interests in the Superior shares, IFS shares, and real estate to American Summit. Pursuant to the assignment, Founders transferred Certificate 33 and the IFS shares certificate to American Summit. Contrary to the sale procedure outlined in the February 22 letter, American Summit notified the Beardmores of its intent to sell publicly the IFS shares on April 27, 2001. American Summit then sold the IFS shares at a public sale for $2,000.

Three days before the public sale of the IFS shares, American Summit notified the Beardmores of its intent to exercise the Founders Option. Seven days after the public sale, the Beardmores tendered a $2 million check to American Summit to satisfy the Founders Note. The Beardmores generated the $2 million by selling the shares evidenced by Certificate 33 to Third-Party Defendants. Superior Financial then issued Certificates 43, 44, and 45 to Third-Party Defendants to replace Certificate 33. In other words, the Beardmores received $2 million for the 1.5 million shares of Superior stock and Third-Party Defendants took the Superior stock. American Summit refused the $2 million tendered check because it had acquired the DC Option the day before and had exercised

the DC Option by offsetting the amount outstanding under the Founders Note against the DC Option purchase price for Superior shares at $1.50 per share.

The Beardmores brought a declaratory judgment action against American Summit claiming that American Summit converted Beardmores' Superior shares. American Summit counterclaimed against Beardmores for breach of the Founders Note and conversion of the Superior stock by selling Certificate 33 to Third-Party Defendants. American Summit also commenced a third party action against Third-Party Defendants for their conversion of the Superior shares by the unauthorized canceling of Certificate 33, owned by American Summit, and issuing Certificates 43, 44 and 45 to themselves.

In December of 2003, the 8th Circuit held that American Summit was the proper owner of the 1.5 million shares of Superior stock, not Beardmores or Third-Party Defendants. The Court further held that American Summit was not entitled to a deficiency judgment against Beardmores on the Founders Note because American Summit sold the IFS stock before the Superior stock in a commercially unreasonable manner. Therefore, American Summit was the true owner of the 1.5 million Superior shares and took those shares of stock in satisfaction of the Founders Note. The 8th Circuit remanded the case for a determination of American Summit's conversion claims against Beardmores and Third-Party Defendants for their unlawful cancellation of Certificate 33, (1.5 million shares owned by American Summit) and issuance of Certificates 43, 44 and 45 to Third-Party Defendants.

After the 8th Circuit's opinion, but before American Summit was able to rightfully redeem its Superior stock, Third-Party Defendants caused the value of the stock to

become worthless. Counsel for the Beardmores also withdrew and American Summit pursued its conversion claims against Third-Party Defendants who remained represented by counsel. In December of 2006, American Summit settled its unlawful stock conversion claims against Third-Party Defendants. The only remaining claim in this matter is American Summit's unlawful stock conversion claim against the Beardmores. Because there are clearly no genuine issues as to any material facts, American Summit respectfully requests that this Court grant its motion for summary judgment and order judgment against the Beardmores for the value of the stock at the time of the unlawful conversion ($1.50 per share x 1.5 million shares = $2,250,000).

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there are no disputed issues of material fact and the nonmoving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The summary judgment procedure is not regarded as a disfavored procedural shortcut, but rather as an integral part of the Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "Summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (citing Fed. R. Civ. P. 56).

The moving party bears the burden of showing that there is a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). However, the non-moving party may not rely on mere allegations or denials in the pleadings to raise a genuine issue of material fact, but rather, must demonstrate specific facts in existence, which create a genuine issue for trial. *Celotex Corp.* 477 U.S. at 322.

In this case, there is clearly no genuine issue as to any material fact. The 8th Circuit held that American Summit was the proper owner of the 1.5 million shares of Superior Stock evidenced by Certificate 33. Beardmores unlawfully converted that stock when they sold the shares to Third-Party Defendants for $2 million. Thus, summary judgment is appropriate and American Summit is entitled to judgment against the Beardmores for the value of the stock at the time of the unlawful conversion ($1.50 per share x 1.5 million shares = $2,250,000).

## II. AMERICAN SUMMIT IS ENTITLED TO SUMMARY JUDGEMENT BECAUSE BEARDMORES UNLAWFULLY CONVERTED AMERICAN SUMMIT'S SHARES OF THE SUPERIOR STOCK.

"Conversion occurs when a person willfully interferes with the personal property of another without lawful justification that deprives the lawful possessor of use and possession." *Independent School Dist. No. 404 v. Castor*, 670 N.W.2d 758, 766 (Minn. Ct. App. 2003) (citing *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). "The elements of common law conversion are: (1) plaintiff holds a property interest; and (2) defendant deprives plaintiff of that interest." *Williamson v. Prasciunas*, 661 N.W.2d 645, 649 (Minn. Ct. App. 2003) (citing *Olson v. Moorhead Country Club*, 568 N.W.2d 871,

872 (Minn. Ct. App. 1997) *review denied* (Minn. Oct. 31, 1997)). Good faith is not a defense to a claim of conversion. *Williamson*, 661 N.W.2d at 649 (citing *Dairy Farm Leasing Co. v. Haas Livestock Selling Agency*, 458 N.W.2d 417, 419 (Minn. Ct. App. 1990).

In this case American Summit clearly has a prima facie conversion case against Beardmores. The 8th Circuit already held that American Summit was the proper owner of the 1.5 million shares of Superior stock. *See Beardmore v. American Summit*, 351 F.3d 352, 359 (8th Cir. 2003). Thus, it has already been determined that American Summit held a property interest by owning the 1.5 million Superior shares.

Second, Beardmores deprived American Summit of that property interest in the stock when they sold it to Third-Party Defendants. It is undisputed that Beardmores sold the 1.5 million shares of Superior stock, which was owned by American Summit, to Third-Party Defendants for $2 million. Beardmores and Third-Party Defendants collectively then cancelled American Summit's Certificate 33 (representing the 1.5 million shares) and issued new stock certificates (Certificates 43, 44 and 45) to Third-Party Defendants. In short, Beardmores sold American Summit's 1.5 million shares of Superior stock to Third-Party Defendants for $2 million. By making this sale, Beardmores became liable to American Summit for the value of the stock at the time of the conversion. The value of the stock at the time of the conversion was most likely $1.50 per share ($2,250,000.00) as noted in the 8th Circuit decision. *American Summit*, 351 F.3d at 354. At the very least the stock was worth $2 million at the time of the

conversion because that is the amount for which Beardmores converted it to Third-Party Defendants.

## CONCLUSION

For the foregoing reasons, Defendant and Third-Party Plaintiff American Summit respectfully requests that this Court grant its motion for summary judgment and order a judgment in favor of American Summit against Plaintiff Beardmores in the amount of $2,250,000.00 for the wrongful conversion of American Summit's 1.5 million shares of Superior stock.

Respectfully submitted.

Dated this 21st day of May, 2007.

s/ Justin P. Short

Roger L. Kramer #202927
Justin P. Short #0387024
GISLASON & HUNTER LLP
Attorneys for American Summit
701 Xenia Avenue South, Suite 500
Minneapolis, MN 55416
Phone: (763) 225-6000
Fax: (763) 225-6099

MPLIB:294955.1